# Kittanning Electric Light, Heat and Power Company's Assigned Estate.

*Corporations—Officers—Guaranty—Insolvency—Assignment for creditors.*

Where the officers of a corporation in order to secure from a bank an extension of a loan, give to the bank a paper to the effect that the bank "will be preferred always should anything ever happen," the bank will not be entitled to claim a fund arising from the assignment of the corporation for the benefits of its creditors, in preference to the individual claims of the officers.

Argued Oct. 11, 1904. Appeal, No. 166, Oct. T., 1904, by the Farmers' National Bank from order of C. P. Armstrong Co., June T., 1903, No. 152, distributing a fund in the matter of the Kittanning Electric Light, Heat & Power Company's Assigned Estate. Before MITCHELL, C. J.; DEAN, FELL, BROWN, POTTER and THOMPSON, JJ. Affirmed.

Exceptions to account of assignee. Before A. O. SMITH, P. J., specially presiding.

From the record it appeared that the Kittanning Electric Light, Heat & Power Company owed the Farmers' National Bank of Kittanning $5,000 on a note. To secure a renewal of this note J. R. Einstein, a director of the company, at the instance of J. B. Neale, president of the company, wrote on a blank deposit slip the following note to the bank's cashier. "Mr. Doverspike, Dear Sir: We have borrowed no money from any outsider since your loan was negotiated, any indebtedness incurred since are open book acc. or loans made to the Co. by their stockholders. The banks will be preferred always should anything ever happen. (Signed) J. R. Einstein."

The Electric Light Company was indebted both to Einstein and Neale. The bank claimed a preference over the individual claims of Einstein and Neale. The court disallowed the preference.

*Error assigned* was the order of distribution.

*Floy C. Jones,* for appellant.

*H. L. Golden*, for appellee.

PER CURIAM, November 4, 1904:

The learned judge below practically disposed of this case in his seventh conclusion of law, to wit: " That the contention in this case that the claims of J. R. Einstein and James B. Neale estate against the fund for distribution should be postponed in payment until the claim of the Farmers' National Bank is fully paid is not tenable, for the reason that the equities claimed or existing by reason of the statement made by J. R. Einstein, either on his behalf alone or on behalf of himself and J. B. Neale, amounts to a guaranty of payment on the part of said J. R. Einstein and J. B. Neale, cannot be worked out through the medium of a distribution of an assigned estate of a third party.    Whether the statement made by J. R. Einstein on the deposit slip amounts to a personal guaranty or not, is not necessary for us to decide in this case.    To introduce the personal liability of J. R. Einstein and J B. Neale estate, as guarantors or sureties by reason of the paper in question, to the Farmers' National  Bank, into the question of distribution of an assigned estate does not in our view seem to be authorized by any principle of law."

The other and subordinate questions do not require discussion, and the judgment is affirmed on that part of the opinion.