# Page, Trustee, v. Moore, et al., Appellants.

*Corporations — Insolvency — Directors — Preference — Equity —Findings of fact.*

1. An insolvent corporation cannot transfer its assets to its own officers and directors for the purpose of securing them for pre-existing indebtedness. Where an insolvent corporation has executed an assignment for such purpose, a court of equity will decree the same to be null and void at the suit of the trustee in bankruptcy of the corporation, and will order a reconveyance and an accounting.

2. Findings of fact by a chancellor will not be disturbed unless clearly shown to be erroneous.

Argued January 9, 1913. Appeal, No. 343, Jan. T., 1912, by defendants, from decree of C. P. No. 1, Philadelphia Co., March T., 1909, No. 955, in Equity, in favor of plaintiff in case of Howard W. Page, Trustee in Bankruptcy of Moore & Company, Incorporated, v. William G. Moore, Henry T. McDevitt and Russell B.

Smith.   Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.   Affirmed.

Bill in equity to set aside conveyance made by an insolvent corporation to its own officers and directors. Before KINSEY, J.

From the record it appeared that plaintiff's bankrupt, Moore & Company, Incorporated, while insolvent, had made an assignment of all its assets to respondents, who were its officers and directors, for the purpose of securing them for pre-existing indebtedness.   Plaintiff, trustee in bankruptcy, filed a bill to set aside the conveyance and require the respondents to return the assets, or to account for the value of those which were not returned.   The court made a decree declaring the assignment to be null and void, and requiring the respondents to reconvey the assets transferred thereby or to account for the value thereof, and to mark certain suits which they had begun, to recover upon said assets, to the use of the plaintiff, trustee in bankruptcy, or to discontinue said suits at the trustee's election.   Defendants appealed.

*Errors assigned* were the decree of the court and various rulings on facts and law, and the form of the decree.

*D. Howard Evans,* with him *Henry P. Brown,* for appellants.

*Thos. Raeburn White,* for appellee, cited: Sicardi v. Keystone Oil Co., 149 Pa. 148; Hopkins's App., 90 Pa. 59; Mechanics' Building & Saving Association's Est., 202 Pa. 589.

PER CURIAM, February 3, 1913:

The bill in this case was filed by a trustee in bankruptcy to have declared void an assignment of all the assets of a corporation, made by its officers to themselves

to secure a pre-existing indebtedness. The court found that the corporation was insolvent when the assignment was made; that the defendants knew it was insolvent and that the assignment was executed for the purpose of giving them preference. If these findings were correct, the assignment was void, Sicardi v. Keystone Oil Co., 149 Pa. 148, and the decree directing a reconveyance and an accounting was properly made. Findings of fact by a chancellor will not be disturbed unless it is shown that they are clearly erroneous. We are not convinced that any error was made by the learned judge who heard the case and the decree is affirmed at the cost of the appellant.