# O'Neil, Appellant, *v.* Burnett.

*Insurance—Insurance companies—Insolvency—Injunction—Assets, trust funds for creditors—Set-off of individual debt in suit for trust funds.*

1. An injunction, restraining an insolvent insurance company, its officers and agents, from transacting any of its business or disposing of any of its property, issued upon the granting of a rule to show cause why the insurance commissioners should not liquidate the business of the company, fixed the status of money subsequently collected by an agent on outstanding mortgages as trust funds in his hands, and he could acquire no right thereto superior to that of other creditors.

2. An agent of an insolvent corporation cannot set up his individual debt in a suit brought against him for trust funds in his hands.

3. The officers of a corporation cannot make a valid agreement with an agent that will enable him, after the insolvency of the company and while it is enjoined from transacting any business or disposing of its assets, to collect money on account of the corporation and appropriate it in payment of his individual claim.

*Practice, C. P.—Set-off—Pleading.*

4. A defendant's set-off must be pleaded with as much certainty as plaintiff's statement of claim.

*Interest—Money had and received—Date from which interest runs.*

5. In an action for money had and received, where there has been no prior demand, interest should be computed from the beginning of the suit.

Argued Oct. 18, 1918. Appeal, No. 120, Oct. T., 1918, by plaintiff, from judgment of C. P. Allegheny Co., Oct. T., 1917, No. 403, discharging rule for judgment for want of sufficient affidavit of defense in the case of J. D. O'Neil, Insurance Commissioner of Pennsylvania, acting by Thomas B. Donaldson, Special Deputy in Charge of the Liquidation of the American Union Fire Insurance Company, v. L. A. Burnett. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and FOX, JJ. Reversed.

Rule for judgment for want of sufficient affidavit of defense in action of assumpsit by insurance commissioner against defendant, as agent of an insolvent insurance corporation, to recover moneys received by him in satisfaction of mortgages owned by the corporation. Before COHEN, J.

The affidavit of defense alleged an amount in excess of the amount claimed in plaintiff's statement by way of set-off, due defendant individually, as general agent of the corporation. The affidavit further alleged that the amounts collected by him were applied to the payment of his individual debt under the express authority and direction of the officers of the corporation.

*Error assigned* was in discharging rule for judgment for want of sufficient affidavit of defense.

*Edmund K. Trent,* Deputy Attorney General, with him *Francis Shunk Brown,* Attorney General, for appellant. —One cannot set off his individual debt in a suit brought against him for trust funds in his hands: Hunter v. Henning, 259 Pa. 347.

*W. W. Stoner,* with him *M. W. Stoner, J. M. Stoner & Sons,* for appellee, cited: Hibert v. Lang, 165 Pa. 439;

Queen City Suspender Company v. Adamson, 7 Pa. C. C.
R. 412; 24 W. N. C. 397; Martin v. Throckmorton, 15
Pa. Superior Ct. 632.

OPINION BY MR. JUSTICE WALLING, January 4, 1919:

This is an action of assumpsit on behalf of the insurance commissioner as liquidating trustee to recover moneys collected by the agent of an insolvent fire insurance company. On February 27, 1911, the American Union Fire Insurance Company of Philadelphia, by written agreement, employed L. A. Burnett as general agent at Pittsburgh to negotiate insurance and do other business connected therewith, on the basis of commissions and expenses. On the same day the company, by a separate written agreement, employed him as its fiscal agent at Pittsburgh, with authority, inter alia, to collect moneys due or to become due the company upon mortgages, leases, etc., for the annual salary of one thousand dollars.

The attorney general, on March 10, 1913, filed his suggestion in the Court of Common Pleas of Dauphin County and secured a rule on the company, to show cause why the insurance commissioner should not liquidate its business, returnable March 22, 1913. On issuing the rule the court made an order that, "Pending the further order of this court an injunction is hereby issued enjoining and restraining the said American Union Fire Insurance Company, its officers, agents and employees from transacting any of its business or disposing of any of its property." The order was duly served on the corporation March 13, 1913; five days later it filed an answer admitting insolvency; and, on March 26, 1913, the court by formal order dissolved the company and directed that its business be liquidated by the insurance commissioner. After the injunction was served as above stated and prior to the order of dissolution, Burnett collected two mortgages due the company, to wit, the Younk mortgage of $5,075.10, collected March 17, 1913, and the Sommers mortgage of $3,975.15, collected March 25,

1913. This suit was brought to recover the amount of these mortgages, to wit, $9,050.35 (the other small items included in plaintiff's statement having been withdrawn). Defendant, in his affidavit of defense, while admitting the receipt of the money as stated, seeks to set off a large balance claimed by him from the company under the other contract; and avers an agreement with the officers of the company, antedating the insolvency proceedings, to the effect that he might do so. This is an appeal by plaintiff from the order of the court below discharging the rule for judgment for want of a sufficient affidavit of defense.

In our opinion the rule should have been made absolute. True, the general rule is that the status of creditors of an insolvent corporation is fixed as of the date of the order of dissolution, or of the appointment of a receiver, and not that of filing the bill: Blum Bros. v. Girard National Bank, 248 Pa. 148; U. S. Brick Co. v. Middletown Shale Brick Co., 228 Pa. 81; Cowan v. Penna. Plate Glass Co., 184 Pa. 1; Dean and Son's App., 98 Pa. 101. But in the case of an insolvent insurance company the Act of June 1, 1911, P. L. 599 (5 Purdon's Digest, 13th Ed., p. 6414) expressly authorizes the court to maintain the status quo by granting an injunction at the inception of the proceedings, and that is what was done here. Doubtless the court could have granted such injunction aside from this statute, as the court might, under certain circumstances, fix the status at once by appointing a receiver, which is equivalent to an injunction: Treat v. Penn Mut. Life Insurance Co., 199 Pa. 326; High on Receivers (4th Ed.), see 750.

The injunction bound the corporate property, except possibly in case of an innocent purchaser for value, which defendant was not, for he received the fund as agent and gave up nothing of his own for it. That he did not then know of the injunction would relieve him of the charge of bad faith but could not change the status of the trust fund in his hands. He received it as agent

pending the injunction and acquired no right thereto superior to that of other creditors. Being in his hands as agent for the corporation it was not free from the injunction.

The mortgages had not been assigned to Burnett, and he received the money thereon as agent for the corporation, not as its creditor; it came to him in a fiduciary capacity; his possession was as trustee, not as owner; and he makes no claim that, after the money was received, he actually transferred it from himself as agent to himself as an individual, and we are not prepared to hold that any superior rights could have been gained by such a transfer.

In our opinion, on the dissolution of the corporation, the ownership of this fund, with that of other assets, vested in the insurance commissioner, and defendant's right as to his claim was to share therein with other creditors. Any arrangement that Burnett had with the officers of the corporation authorizing him to set off his general agency account against funds received by him as fiscal agent was annulled by the injunction and insolvency of the company. The officers of a corporation cannot make a valid agreement with an agent that will enable him, after the insolvency of the company and while it is enjoined from transacting any business or disposing of its assets, to collect money on account of the corporation and appropriate it in payment of his individual claim. The right of a corporation to prefer creditors cannot, by agreement between it and them, be extended to a time when, because of insolvency, it has been restrained from disposing of any property or transacting any business. See Page, Trustee, v. Moore et al., 239 Pa. 285; Kittanning Electric Light, Etc., Co.'s Assigned Est., 210 Pa. 6.

Aside from the reasons above stated, defendant's averments as to the alleged agreement giving him the right of set-off are indefinite. We are not informed with what particular officers the agreement was made, or what au-

thority they had to make it, when it was made or whether it was written or oral, or its specific provisions. What is stated amounts to a mere allegation that by agreement with the corporate officers deponent had the right to set off his general account against the moneys collected by him as fiscal agent, which, without more, is not sufficient to sustain such an exceptional claim. A defendant's set-off must be pleaded with as much certainty as a plaintiff's statement of claim: Law v. Waldron, 230 Pa. 458; Appleby v. Barrett, 28 Pa. Superior Ct. 349. There is nothing in the written agreements attached to the pleadings which purports to give defendant the right of set-off here claimed.

There being no allegation of a prior demand, it would seem that interest should be computed from the commencement of the suit: Knight v. Reese, 2 Dallas 182; Tredway v. Kaufman, 21 Pa. Superior Ct. 256, 262; 16 Am. & Eng. Enc. of Law (2d Ed.) pp. 1020, 1022; 22 Cyc. 1547. Plaintiff concedes that defendant is entitled to a credit of $1,248.06.

The assignment of error is sustained, the judgment is reversed and it is ordered that the record be remitted to the court below that judgment may be entered for the plaintiff in accordance with this opinion.