**WESTERN MUT. FIRE INS. CO. v. CHILDRESS. (No. 2501.)**

(Court of Civil Appeals of Texas. Texarkana. Feb. 16, 1922.)

1. Pleading ☜104(2)—Plea of privilege held insufficient for failure to negative exceptions to exclusive venue of one's residence.

Corporation's plea of privilege to be sued in another county, from which it did not appear that none of the exceptions to the exclusive venue in the county of one's residence mentioned in Rev. St. arts. 1830, 2308, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 1903, as amended by Act April 2, 1917, c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), existed, *held* insufficient.

2. Pleading ☜111—Court required to try case on merits after sustaining exceptions to plea of privilege, where defendant does not offer to amend plea.

Where the court sustained exceptions to defendant's plea of privilege, and the defendant did not offer to amend the plea, the court is required to proceed with the case on its merits.

Error from District Court, Titus County; R. T. Wilkinson, Judge.

Suit by Rosetta A. Childress against the Western Mutual Fire Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

The suit was by defendant in error as plaintiff against plaintiff in error, a corporation under the laws of Texas, as defendant, on a policy for $1,000 alleged to have been issued by the latter June 28, 1920, insuring the former during one year from that date against the destruction by fire of a dwelling house she owned, situated in Titus county, and totally destroyed by fire February 26, 1921. The suit was commenced in the district court of said county by a petition filed May 6, 1921. Plaintiff in error did not file an answer to the suit, but by a "plea of privilege," which it filed May 31, 1921, and in which it alleged that it was incorporated under the laws of Texas and that its general office was in Bexar county, sought to have the cause transferred to said Bexar county for trial. The court sustained exceptions to the plea and then tried the case on its merits, in the absence of plaintiff in error's attorney, rendering judgment in favor of defendant in error for $1,000, the amount of the policy, and for interest thereon. The appeal is from the judgment on the merits. The findings of fact on which the court based the judgment are not in the record, nor is there a "statement of facts" with the record.

D. R. Pickens, of San Antonio, for plaintiff in error.

J. A. Ward, of Mt. Pleasant, for defendant in error.

WILLSON, C. J. (after stating the facts as above). The first assignment, to wit, that the trial court erred "in hearing the contest of the plea of privilege without notice to the defendant" (appellant), is not supported by the record. What the trial court did was to sustain exception to the plea on the ground that it was insufficient in law.

[1] The second assignment is that said court erred "in not sustaining the defendant's (appellant's) plea of privilege." If appellant means that the court should have overruled the exceptions to its plea, we think the contention should be overruled; for the plea was plainly not sufficient, in that it did not appear therefrom that "none of the exceptions to the exclusive venue in the county of one's residence mentioned in article 1830 or article 2308 of the Revised Statutes" existed. Article 1903, Vernon's Statutes, as amended April 2, 1917, chapter 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903).

[2] The remaining assignment is that the court erred "in hearing the case on its merits and rendering judgment against the defendant" (appellant). The contention is without merit. Exceptions to the plea of privilege having been sustained, and appellant not having offered to amend same, the case stood as it would have stood if the plea had never been filed. There was therefore, so far as anything in the record shows to the contrary, no other course for the court to pursue than to try the case on its merits, as he did. So far as the assignment presents a contention that the judgment against appellant was for any other reason unwarranted in law, it is too general to be entitled to consideration.

The judgment is affirmed.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes