# Reber, Receiver of William M. Morgan Co., Inc. *v.* Lipschutz, Appellant.

*Contracts—Written    contracts—Parol    evidence—Insolvency—Receivership—Creditors.*

In an action of assumpsit by the receiver of an insolvent company to recover the value of goods sold and delivered, the defendant testified that he advanced to the company a sum of money against which was to be charged goods subsequently ordered. After the receiver was appointed defendant sent an order to the company for goods which were delivered pursuant thereto. The court rejected the testimony of defendant that the goods so ordered had been set apart for him prior to the receivership.

Where a creditor sends a written order for goods to an insolvent debtor, subsequent to the appointment of a receiver, he cannot, in an action against him by the receiver for the value of goods delivered pursuant to such order, introduce evidence extrinsic to the written contract in order to show that the goods were set apart for him prior to the receivership.

If a contract is couched in such terms as to import a complete legal obligation without uncertainty as to the object or extent of the engagement, it is presumed that the entire undertaking of the parties is contained therein and parol evidence is inadmissible to vary its terms.

The status of creditors of an insolvent corporation is fixed as of the date of the appointment of a receiver. If the defendant was a creditor of the insolvent company he would have to take his place with the other creditors in the distribution of the assets of the company. If he was the owner of the merchandise the property belonged to him and his remedy was to make claim therefor.

Argued October 10, 1927.    Appeal No. 80, October T., 1927, by defendant from judgment of M. C., Philadelphia County, December T., 1923, No. 733, in the case of James C. Reber, Receiver of William M. Morgan Co., Inc., v. Charles Lipschutz.    Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.    Affirmed.

Assumpsit to recover value of goods sold and delivered.    Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $636.79 and judg-- ment thereon. Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence and judgment of the court.

*Joseph Blank,* for appellant.—Evidence as to the account of the defendant with the corporation should have been admitted: Sheaffer v. Sensenig, 182 Pa. 634; Garrison v. Salkind, 285 Pa. 265; Hanauer v. Surety Co., 279 Pa. 345; Alexander v. Righter, 240 Pa. 22; Curtin v. Peoples Natural Gas Co., 233 Pa. 397; Deere Plow v. Hershey et al., 287 Pa. 92; Cowan v. Glass Co., 184 Pa. 1; Blum Bros. v. Bank, 248 Pa. 148.

*Ernest N. Votaw,* and with him *Conard & Middleton,* for appellee.—The written order constituted the complete contract: Dean and Son's Appeal, 98 Pa. 101; Commonwealth v. State Ins. Co., 10 Dist. Rep. 339; O'Neil v. Burnett, 263 Pa. 216.

OPINION BY HENDERSON, J., December 15, 1927:

The plaintiff is the receiver of a corporation doing business as William M. Morgan Company, by appointment made in May, 1923. In August, 1923, the defendant ordered from the plaintiff company a bill of merchandise, the order being in writing and signed by him. The goods purchased were to be shipped to a customer of the defendant. Payment of the bill not having been made the plaintiff brought this action to recover the amount thereof. The defense was offered that on March 7, 1923, the defendant gave to the Morgan Company a check for $600, the amount of which was to be credited to him and applied in discharge of any account thereafter contracted for the purchase of goods; that at that time, or soon thereafter, a quantity of goods was selected and set aside for the defendant and that the price thereof was cov-

ered by the check; that the merchandise ordered by the defendant, for the price of which this action is brought, was the property set apart for him in the preceding March; and that because of the facts as above recited defendant owed the plaintiff nothing. The trial court rejected the offer of this evidence and instructed the jury that the plaintiff was entitled to recover for the amount of the bill.

Inspection of the plaintiff's "Exhibit No. 1," which is the defendant's order for the merchandise, makes it clear that the transaction was a contract of purchase of the merchandise described in the order. There is nothing in it which suggests that any other negotiation was intended to be involved in the transaction. It was a plain order for the purchase of merchandise to be shipped to the consignee named by the defendant and bought on the defendant's account. The order was accepted by the receiver, and the merchandise forwarded as directed.

The evidence offered by way of defense is somewhat ambiguous. In one aspect it was an offer to prove the loan of money by the defendant to the Morgan Company to be subsequently repaid by merchandise to be bought by the defendant. In another offer it was proposed to show that merchandise was selected and set apart, on the purchase price of which the money received on the check or as much thereof as necessary, was applied. These transactions, however, it will be observed, were with the Company before the receivership. The attempt was to show either that the Company owed money to the defendant, which he sought to apply on the order sent to the receiver in August, or was an effort to prove that before the receivership a quantity of merchandise was set apart at the plant of the Morgan Company as a purchase by the defendant. If the first view of the case be accepted, the defendant is a creditor of the insolvent company and

must take his place with other creditors in the distribution of the assets of the company. If he was the owner of merchandise at the Company plant, the property belonged to him and his remedy was to make claim therefor. The general rule is well understood that the status of creditors of an insolvent corporation is fixed as of the date of the appointment of a receiver: Blum Bros. v. Girard Nat. Bank, 248 Pa. 148; O'Neil v. Burnett, 263 Pa. 216. It is not permissible therefore for the defendant, as a creditor of the insolvent corporation, to obtain payment of his claim against the Company by applying it to a bill of merchandise subsequently purchased from the receiver. The order for the merchandise bought in August is wholly inconsistent with the claim that the defendant bought material from the Morgan Company at the time he gave the check which was then selected and set apart for him, and that this was the property covered by his order of August 17, 1923. That order was one of purchase and was filled by the receiver on a contract complete in itself and with respect to which parol evidence to vary its effect was not admissible: Gianni v. Russell & Co., 281 Pa. 320; Garrison v. Salkind, 285 Pa. 265.

The trial court correctly applied the law to the case as presented.

The assignments of error are overruled and the judgment affirmed.