## RICH et ux. v. WALKER–SMITH CO.
### No. 7424.

Court of Civil Appeals of Texas. Austin.
March 12, 1930.

J. G. Foster, of Haskell, for appellants.

McGaugh & Darroch, of Brownwood, for appellee.

BLAIR, J.

Appellee sued appellant H. R. Rich in the district court of Brown county upon certain

vendor's lien notes aggregating $5,000, and to foreclose the lien securing them on land situated in Haskell county, alleging that the notes were payable in Brown county. Appellee did not sue appellant Mrs. Rich, wife of H. R. Rich, but she joined him in a plea of privilege to be sued in Haskell county, their domicile, alleging that "although said notes are payable in Brown County," still their execution and delivery was induced by fraud practiced upon them by appellee in Haskell county, and that venue was therefore fixed in Haskell county under subdivision 7 of article 1995, providing that "in all cases of fraud * * * suit may be brought in the county in which the fraud was committed." Appellee filed its controverting plea or affidavit, wherein it first demurred to the plea of privilege, and further asserted that venue was fixed in Brown county under subdivision 5 of article 1995, in that the contract sued upon was one in writing performable in Brown county. The trial court sustained the demurrer to the plea of privilege on the ground that it alleged that the notes were payable in Brown county, and therefore admitted venue.

██ We affirm the judgment of the trial court because the plea of privilege admits that the notes sued upon were payable in Brown county and left no issue of fact in dispute. Appellants contend that where a plea of privilege is filed the burden is upon the plaintiff to file a controverting plea and prove the facts necessary to maintain venue. This may be true, but where the plea of privilege admits facts showing venue in the county of the suit, there is no necessity for a controverting plea, and the insufficiency of the plea of privilege may be called to the attention of the court by a demurrer or exception. Sumner v. Jester (Tex. Civ. App.) 252 S. W. 1088; Thomason v. Ham (Tex. Civ. App.) 210 S. W. 561; Western Mutual Fire Ins. Co. v. Childress (Tex. Civ. App.) 238 S. W. 348; Kirkpatrick v. San Angelo Natl. Bank (Tex. Civ. App.) 148 S. W. 362; Yates v. State (Tex. Civ. App.) 3 S.W.(2d) 114. And certainly appellants could not by filing their plea of privilege change appellee's cause of action from one on the notes and for foreclosure to one sounding in fraud inducing the execution of the notes so as to defeat venue; but such plea of fraud is a mere defense to the suit, and there is no law for transferring the suit to the county where the fraud was committed for the purpose of hearing such defense.

Judgment is affirmed.

Affirmed.