The People of the State of Illinois ex rel. Leo H. Lowe, Complainant, v. Marquette National Fire Insurance Company et al., Appellees.
Appeal of Novak Agency and Loan Company et al., Appellants.

Gen. No. 35,921.

Opinion filed October 4, 1932.

Novak & Turek, for appellants.

SCHUYLER, DUNBAR & WEINFELD, for appellee Alvin
S. Keys; PAUL H. HEINEKE and C. ERNEST HEATON, of
counsel.

MR. PRESIDING JUSTICE KERNER delivered the opinion
of the court.

This is an appeal by Novak Agency and Loan Com-
pany, a corporation, Charles W. Novak and Joseph
L. Long (hereinafter called appellants), from an order
entered January 7, 1932, directing appellants to pay
$1,088.18 to Alvin S. Keys, receiver, and finding
Joseph L. Long and Charles W. Novak guilty of
contempt of court and punishing them therefor.

The original proceeding was brought for the liqui-
dation of Marquette National Fire Insurance Com-
pany, an Illinois corporation, wherein Alvin S. Keys
was appointed receiver. November 3, 1931, the re-
ceiver filed his petition in which he alleged that
May 21, 1914, Sarkes Hakalmazian and others exe-
cuted their note for $2,000, due three years after date,
secured by a trust deed to Charles W. Novak, trustee,
on real estate in Cook county, Illinois; that the ma-
turity of said note was extended by three extension
agreements, the last extension May 21, 1925, extend-
ing the payment of $1,500 for five years until May 21,
1930, with interest at six per cent payable semi-
annually; that said note was on June 5, 1917, reduced
by the payment of $500; that Novak Agency and Loan
Company or Charles W. Novak, on the maturity of the
note as extended, collected from the makers $1,500 and
interest thereon, which belongs to petitioner as re-
ceiver; that in September, 1930, there was paid on
the principal of said note $500; that April 20, 1927,
Novak Agency and Loan Company filed a claim in
this cause against the Marquette National Fire Insur-
ance Company for $469.85, alleged to be due for un-
earned premiums, and thereafter filed a petition pray-

ing said claim be allowed as a set-off against the said collection of $1,500 and interest; that the court, after a full hearing on February 10, 1930, entered an order dismissing said petition. October 23, 1929, Leo H. Lowe, as liquidator, made demand in writing upon said Novak Agency and Loan Company and Charles W. Novak, to pay over said $1,500 and interest, and offered to surrender said principal note and interest notes.

By the joint and several answer of the appellants, they admit that the receiver has in his possession the $2,000 note and trust deed, and that there is due and unpaid thereon $1,000, but they deny that on the maturity of said note they collected or received from the makers of said note the $1,000 remaining unpaid thereon; that April 20, 1927, Novak Agency and Loan Company filed its claim with the receiver of the Marquette National Fire Insurance Company for $469.85 for unearned premiums on 46 insurance policies, as agent of said insurance company, which were canceled at the request of said receiver, said receiver agreeing to pay the unearned premiums to said Novak Agency and Loan Company, if it procured and assigned each of said insurance policies and returned them to the receiver for cancellation, which was done; that on the maturity of said note and trust deed, the makers of said note being unable to pay same, the Novak Agency and Loan Company being engaged in the real estate loan business and having a credit with the Marquette National Fire Insurance Company and its receiver for said unearned premiums, agreed to make a new loan to the makers of said note.

The chancellor heard the evidence and found that appellants have in their possession the principal sum of $1,000 and interest accruing thereon from May 21, 1930, aggregating $1,088.18, which said sum was and is

the property of the Marquette National Fire Insurance Company and Alvin S. Keys as receiver thereof; that said receiver is entitled to immediate possession of said amount of money, and that said appellants and each of them have failed and refused to turn over and deliver to said receiver said sum of money; that no sufficient cause is shown by said appellants why said money should not be paid to said receiver or that appellants are unable to pay same, but that they and each of them wilfully failed and refused to obey the order of the court to pay over said amount of money to the receiver, and adjudged and decreed that said appellants pay to the receiver $1,088.18 within five days.

The main contention of appellants is that there is no evidence that they or either of them received any money from the makers of the note held by the receiver with which to pay the balance of $1,000 which became due May 21, 1930. We have carefully examined the testimony and find that the court was justified in the findings and did not err, but attained substantial justice in decreeing that appellants have in their possession the $1,088.18, the property of the Marquette National Fire Insurance Company and Alvin S. Keys as receiver thereof, and that said receiver is entitled to the immediate possession thereof.

It is also contended that appellants are entitled to unearned premiums for the 46 policies surrendered. It appears from the testimony of Charles W. Novak that the receiver requested Novak Agency and Loan Company to surrender the policies and file a claim for the unearned premiums. Such a claim was filed and allowed, but not as a preferred claim. Thereafter a petition was filed praying said claim be allowed as a set-off against the collection of the amount due upon the Hakalmazian note, but the court on February 10, 1930, dismissed the petition. No appeal was taken

from the order of dismissal. Nowhere in chapter 73 (Insurance) Cahill's Ill. Rev. Stat. is there any provision giving a preference to claims for the return of unearned premiums over loss claimants, nor was there in the instant case any proof of a reserve fund in the hands of the receiver out of which the claim of Novak Agency and Loan Company for $469.85 could be paid in full. When an insurance company goes into liquidation it becomes *civiliter mortuus*, its business is brought to an absolute end and the policyholders become creditors to an amount equal to the equitable value of their respective policies, and entitled to participate pro rata in its assets. (*Carr v. Hamilton*, 129 U. S. 252; Joyce on Law of Ins., vol. 5, 2nd Ed., p. 5941.) And the funds coming into the receiver's hands are to be distributed pro rata as to those who have claims against the company (32 C. J. 1049). In the distribution of the assets of an insolvent company, the general rule is, that all creditors are entitled to share equally in its assets in proportion to their claims (32 C. J. 1051). In *Moren v. Ohio Valley Fire & Marine Ins. Co.'s Receiver* (Ky.), 6 S. W. (2d) 1091, an insurance agent at the receiver's request procured assignments of policies and filed a preferred claim for unearned premiums on the ground he had secured the policies at the receiver's request, and promised to repay him out of the assets of the company. The court held he was not entitled to a preference. See also *State v. American Bonding & Casualty Co.*, 206 Iowa 988, 221 N. W. 585; *O'Neil v. Burnett*, 263 Pa. 216, 106 Atl. 246. Our conclusion is that under the authorities and the state of the record, the chancellor did not err in denying appellants' claim of set-off.

For the reasons indicated the decree of the superior court is affirmed.

*Affirmed.*

Scanlan and Gridley, JJ., concur.