## Bruger, Admin'r, v. Ukrainian Workingmen's Association

*G. John Bruger*, for plaintiff; *J. P. Harris* and *Walter Hill*, for defendant.

VALENTINE, J., May 22, 1933.—This action was based upon a benefit certificate issued upon the life of John Bohinsky, also known as Watral or Vatral, who died May 15, 1924. Suit was instituted by the widow of the deceased member on June 24, 1927. The exception complains of the order of the trial court in allowing plaintiff interest from October 18, 1932, rather than from the date of death of the member.

Section 50 of the bylaws of defendant society provides:

"All death benefits and other claims shall be paid not later than ninety days after favorable decision of the case by the executive committee of the U. W. Association, by an individual check drawn to the name of every beneficiary."

The executive committee did not render a favorable decision of plaintiff's claim, as they did not know the deceased had been married, and no proof of such fact had been furnished them by the claimant, who resided in Europe.

Under the language of section 50 of the bylaws, the amount due under a benefit certificate should bear interest 90 days after the time when the members of the executive committee have been furnished with facts entitling the claim of a plaintiff to favorable action.

The conclusion that the interest should run from October 18, 1932, was arrived at because on that date plaintiff served notice upon the defendant that letters rogatory together with answers to the interrogatories had been returned to the prothonotary's office and that said interrogatories and the answers thereto disclosed that plaintiff was the widow of the deceased member and entitled to recover the amount due under the benefit certificate. We believe this conclusion was erroneous. Had plaintiff brought this information to the attention of the defendant society or to its executive committee prior to the institution of suit, the amount due under the certificate would have borne interest from such date, but plaintiff, in order to recover, was not obliged to furnish defendant with such information. Defendant's officials were charged with the duty of con-

468

ducting their own investigation. Plaintiff's right of recovery depended upon the proof adduced by her in court. The institution of the suit was a demand for payment. When defendant instead of acceding to such demand joined issue with the plaintiff and resisted payment, it became obligated, in the event of an adverse judgment, for the payment of interest upon the amount recovered from the date of suit. The suit was a definite assertion by plaintiff that she claimed the death benefit was then due and payable and by retaining the fund thereafter, defendant's liability for interest upon the amount of recovery became fixed.

In the absence of a showing by a creditor that a debtor's liability became fixed at an earlier date, interest should be allowed from the commencement of the action: 33 C. J., 230, sec. 117; O'Neil v. Burnett, 263 Pa. 216.

In Colusci v. National Life Insurance Co., 4 Wash. Co. R. 146, interest was allowed from the date of suit as it appeared that the policy sued upon was payable within 60 days after receipt of proofs of death and the testimony did not show when the proofs had been received.

The exception is sustained in part, and the order of April 11, 1933, is modified so as to read: "The prothonotary is directed to enter judgment in favor of the plaintiff, G. John Bruger, administrator of the estate of Mary Bohinsky (Watral or Vatral) and against the defendant, the Ukrainian Workingmen's Association, for $405 with interest from June 24, 1927."

From Frank P. Slattery, Wilkes-Barre, Pa.