## LIEGL v. TRINITY FINANCE CORPORATION.

No. 11988.

Court of Civil Appeals of Texas. Galveston.
April 29, 1948.

Geo. L. Conger and Conger, Baskin & Casseb, all of San Antonio, for appellant.

S. E. Zook and Devereaux Henderson, both of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal from an order of the District Court of Harris County overruling a plea of privilege. The action was brought by appellee, Trinity Finance Corporation, for recovery from Thomas Bocanegra, Iris Jean Ezzell, and Jack Liegl of the balance due on a note executed by Thomas Bocanegra, and for foreclosure of a chattel mortgage lien executed by him and payable to Iris Jean Ezzell. The note was endorsed and assigned to appellee, Trinity Finance Corporation. The note sued on was secured by a chattel mortgage on a 1941 Chrysler automobile, which was alleged to have been in the possession of appellant, Jack Liegl.

Jack Liegl and Thomas Bocanegra filed pleas of privilege to be sued in Bexar County, the county of their residence.

Appellee in due time filed a controverting plea in which it claimed venue of the suit in Harris County Under Subdivisions 5 and 29a of Article 1995, Vernon's Ann. Civ.St., for the alleged reason that said note was payable and the chattel mortgage was performable in Harris County, and that the note and chattel mortgage lien had been duly assigned to appellee.

Upon a hearing before the court without a jury, upon defendants' pleas of privilege and appellee's controverting plea, the court overruled said pleas of privilege and directed that the venue of the suit be retained in Harris County. Appellant Jack Liegl has perfected his appeal to this Court. No findings of fact or conclusions of law were requested by the parties or filed by the trial court.

The parts of Art. 1995, Vernon's Ann. Civ.St., material to this appeal read:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: * * *

"5. Contract in Writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, and a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile. * * *

"29a. (Two or more defendants) Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provision of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

The venue of this suit is, we think, maintainable in Harris County as against defendant Jack Liegl, under Exception 5 of said Article 1995, for the reason that said note was payable in Harris County.

Further, it is the settled law in this State that, in a suit by a mortgage holder to foreclose his lien against an original mortgagor or his assignee, where, prior to the institution of such suit, such mortgagor or his assignee has conveyed

his interest in and to the mortgaged properties to another, and the mortgage holder has notice of such conveyance, such purchaser is a necessary party to the suit, within the meaning of Subdivision 29a of said Article 1995, Vernon's Ann.Civ. Statutes; Boettcher v. Federal Land Bank of Houston, Tex.Civ.App., 142 S.W.2d 272; Pioneer Building & Loan Ass'n v. Gray et al., 132 Tex. 509, 125 S.W.2d 284, 285; Commonwealth Bank & Trust Co. v. Heid Bros., 122 Tex. 56, 52 S.W.2d 74, 75; Hamilton v. Federal Land Bank of Houston, Tex.Civ.App., 125 S.W.2d 1088.

In this case it is undisputed that said note was payable to Iris Jean Ezzell in Harris County, and that it was duly indorsed and assigned, with the mortgage lien by which it was secured to appellee, who was the owner thereof and was entitled to enforce its payment.

The question then presented on the appeal is whether the automobile upon which appellee has asserted its chattel mortgage lien is the same automobile which appellant Liegl had in his possession at the trial of this suit, and whether appellant Jack Liegl was a necessary party to the suit.

It is undisputed in the record that a Chrysler automobile which appellee alleged was subject to its chattel mortgage lien was placed in appellant's possession by Thomas Bocanegra. Appellee introduced in evidence the official certificate of title showing Bocanegra's ownership of the car and that it was subject to a first mortgage lien which had been acquired by appellee from Iris Jean Ezzell on February 12, 1947.

■ The trial court having found on the hearing on the pleas of privilege and appellee's controverting plea, on what we deem to be ample evidence, that appellant was a necessary party to this suit, the question as to whether the chattel mortgage sought to be foreclosed was a valid and effective lien, or whether it was defective, were, we think, matters to be determined in the trial of the case on its merits and that such facts have no place in the trial on the issues involving the pleas of privilege.

The case of Ulmer v. Dunnigan Tool & Supply Co., Tex.Cix.App., 163 S.W.2d 901, involved an appeal from an order overruling a plea of privilege where venue was claimed under subdivisions 5 and 29a of the venue statute. In that case it was held that questions as to the validity of appellee's debt, as to whether liens had been properly fixed and whether a chattel mortgage had been properly endorsed were matters of defense to be presented and determined on the final trial of the case on its merits, and that they had no place in the trial of the issues of the plea of privilege. Citing authorities on which the opinion was based. The court further held in the Ulmer case that an action against a nonresident defendant to recover an indebtedness payable in Stephens County and against subsequent purchasers who resided in other counties where venue was claimed under Subdivisions 5 and 29a of said Article 1995, was maintainable in Stephens County on the ground that subsequent purchasers were necessary parties to the suit, and that Subdivision 29a to the venue statute permitted plaintiff to join as defendants all persons necessary to the enforcement of plaintiff's full cause of action.

■ In the case of Texas Plains Lodge No. 105 v. Cleghorn, Tex.Civ.App., 207 S.W.2d 109, it was held that the validity and continued existence of the contract sued upon are matters of defense, which pertain only to the merits of the cause of action and are not a proper subject matter for adjudication in the trial of a controversy involving a plea of privilege and have no place in and are not proper elements of a controversy involving only the question of venue.

■ In the case of Duvall v. Boyer, Tex.Civ.App., 35 S.W.2d 181, 184, it was held that "necessary parties," within the meaning of Subdivision 29a, were "all persons whose presence is necessary to the determination of the entire controversy," viz., those who are interested in resisting demands of plaintiff immediately or subsequently and whose rights will be affected thereby. (Citing authorities.)

The following authorities are in accord with the rule announced in the preceding

cases: Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Cantey v. City Nat. Bank, Tex.Civ.App., 95 S.W.2d 475; Jackson v. First Nat. Bank, Tex.Civ.App., 37 S.W.2d 356; Demmer v. Lampasas Auto Co., Tex.Civ.App., 34 S.W.2d 421; Reed v. Walker, Tex.Civ.App., 158 S.W.2d 894; Texas Plains Lodge No. 105 v. Cleghorn, Tex.Civ.App., 207 S.W.2d 109.

Under the above authorities, the judgment of the trial court must be in all things affirmed.