**Leslie J. ARNOLD and Tessye Arnold, d/b/a Arnold Insurance Agency, Appellants,**

**v.**

**J. D. WHEELER, Receiver of General American Casualty Company, Appellee.**

**No. 13216.**

Court of Civil Appeals of Texas.

San Antonio.

July 10, 1957.

Rehearing Denied Aug. 7, 1957.

Kelly, Hunt & Cullen, Victoria, for appellants.

Eskridge, Groce & Hebdon, Frank P. Christian, San Antonio, for appellee.

POPE, Justice.

Both the plaintiff and defendants have appealed. Plaintiff, J. D. Wheeler, Receiver of General American Casualty Company, sued defendants, Leslie J. and Tessye Arnold, doing business as Arnold Insurance

Agency, and claimed that defendants as agents for the insurance company had failed to transmit $2,088.96 in insurance premiums which defendants had collected. Defendants complain that the trial court should have sustained their plea of privilege to be sued in Victoria County. The plaintiff receiver complains that the trial court erroneously allowed an offset of $1,249.52. The case was tried with a jury and the defendants' plea of privilege and the merits were tried together.

■ The trial court properly overruled the plea of privilege, since the contract expressly fixed venue in Bexar County. Art. 1995, subd. 5, Vernon's Ann.Tex.Stats. It provided: "It is understood and agreed that this contract is performable in Bexar County, Texas, and all legal proceedings in regard hereto shall be instituted in Bexar County, Texas, and the parties hereto expressly waive any privileges they may have as to venue contrary to this provision." To overcome this express provision, the defendants answered that the contract was fraudulently induced. That is a defensive matter but was not one of the venue facts. Bradley v. Trinity State Bank, Tex.Com. App., 118 Tex. 274, 14 S.W.2d 810; Liegl v. Trinity Finance Corporation, Tex.Civ.App., 211 S.W.2d 318; Rich v. Walker-Smith Co., Tex.Civ.App., 26 S.W.2d 401.

The receiver also perfected an appeal. Defendants were agents in Victoria, Texas, for the General American Casualty Company. They became displeased with General American because it would not pay its losses. Defendants had about one hundred customers to whom they had sold policies with General American, and they contacted each of those persons for the purpose of picking up the policies and issuing new policies with a different insurer. On June 17, 1954, defendants canceled all of the policies. They closed their offices for that day at 4:00 p.m., and at 7:45 p.m., of the same day, the District Court for the 126th Judicial District issued an order restraining all agents from transacting any business

of any nature for General American Casualty Company. The written contract between defendants and General American Casualty Company expressed the duty which defendants owed the General American:

"The Agent agrees to collect premiums on all policies written, and all moneys or securities received or collected for or on behalf of the Company shall be held by the Agent in a fiduciary capacity and the agent shall in no case use such funds or securities for the purpose of promoting or paying expenses of the agency or make any personal or other use of the same, but the same shall be held and transmitted in accordance with the terms of this agreement."

Defendants collected the premiums for the policies the company had already issued, and had them in their control on June 17th. In the face of the contract which designated them the fiduciary for the principal, they canceled the policies, issued new policies with a different company, and retained all of the premiums. Defendants claimed that there was a custom between General American Casualty Company and themselves which permitted them to cancel any policy issued within sixty days, without notice to the company and without any premium charge.

The trial court gave judgment in favor of the receiver for $1,554.92, that being the amount of premiums due on policies that were older than sixty days. The court permitted defendants to keep all premiums collected on policies that were canceled within sixty days of their issuance. The receiver by cross-point complains that the court erred in permitting defendants to retain those premiums which amounted to $1,249.52. The trial court's judgment stated that those premiums "should have been returned to the policyholders intact and not on the basis of a pro rata distribution by the receiver." The issue, therefore, is whether defendants, who had the premiums

in their possession on June 17, 1954, held them on behalf of General American, as the receiver contends, or held them on behalf of the policyholders, as the trial court held.

The written contract which defendants executed with General American stated in language too clear for misunderstanding, that they, as agent, were under the duty to collect premiums on all policies, and that all money received or collected should be held by them in a fiduciary capacity. The contract also provided that no funds should be used for the purpose of promoting the agency and that no personal use could be made of the funds. The contract provided that the money would be transmitted to the principal.

■■ It may be that defendants made an unsatisfactory contract and that they sold policies which were no good. Defendants commendably sought to protect the innocent buyers, but defendants were not free to use another's assets to make the policyholders whole. By the terms of the contract, the premiums belonged to General American. Bohlinger v. Ward & Co., 34 N.J.Super. 583, 113 A.2d 38; Id., 20 N.J. 331, 120 A.2d 1; O'Neil v. Burnett, 263 Pa. 216, 106 A. 246; Wheeler v. Metteauer, Tex. Civ.App., 283 S.W.2d 95. By the terms of the restraining order, they were forbidden to use those funds. The record in this case shows by the admissions of defendants that these cancellations were not the usual and ordinary cancellations; but that they sought out all of the policyholders and induced all of the cancellations by personally contacting each policyholder. If custom could prevail against the express words of the contract, there is no proof of a custom by which the company agent could work to induce all policyholders to surrender their policies for cancellation. The only custom which defendants could prove was one by which the agent could cancel a policy when the insured was an undesirable risk or had undesirable credit. The jury found that the parties had an oral agreement which permitted its agent to cancel policies without premium charge within sixty days. That agreement, if it existed, was not an agreement to cancel all policies. The finding is not supported by the evidence.

■ Defendants also claim that they escaped from the force of the contract because the jury found in answer to fraud issues, that they were fraudulently induced to enter into the contract on the basis of a false financial statement. The trial court correctly disregarded those findings for several reasons. The first reason is that defendants testified they functioned under the contract for more than a year, but they have never made, nor offered to make, any restitution, though they retained the benefits of the contract. If the contract were fraudulently induced, defendants are not entitled to retain the benefits which they collected under the contract. 7 Tex.Jur., Cancellation of Instruments, § 46. Moreover, the only evidence of fraud was found in the unproved allegations in a different suit by the receiver against many parties including the officers of the General American Casualty Company. The record does not show that the alleged false financial statement was the same one displayed to defendants, it does not show the time and place and to whom it was published, and it in no way concerned the contract or parties in the present suit. Whether the allegations were proved in the other suit we do not know. We find no merit in the other points of appellants Leslie J. and Tessye Arnold.

The judgment is affirmed in part. That part of the judgment which denied recovery of premiums on policies canceled within sixty days is reversed and rendered that the receiver recover the additional sum of $1,249.52.

Affirmed in part, reversed and rendered in part.