114 So.2d 524 (1959)
CHARLES W. VIRGIN INSURANCE AGENCY, INC., Murrell Jones Insurance Agency, Postal Insurance Agency, Inc., Ft. Lauderdale Insurance Agency, Inc., Fincher Motors Insurance Agency, International Insurance Agency, Abc International Insurance Agency, and Mercer Insurance Agency, Appellants,
v.
ALABAMA GENERAL INSURANCE COMPANY, a corporation; J. Edwin Larson, Treasurer and ex officio Insurance Commissioner of the State of Florida; State Road Department of Florida: Faulk & Coleman Construction Company, Appellee.
No. B-201.
District Court of Appeal of Florida. First District.
September 24, 1959.
John D. Steele, Hallandale, for appellants.
Truett & Watkins, Tallahassee, Richard W. Ervin, Atty. Gen., and Robert J. Kelly, Asst. Atty. Gen., for appellees.
STURGIS, Judge.
Appellants were agents of Alabama General Insurance Company, which was adjudged insolvent by the Circuit Court of Leon County, Florida, and the State Treasurer, ex officio Insurance Commissioner, appointed as its receiver. This interlocutory appeal is taken from an order requiring the appellants to deliver into the hands of the receiver all assets of the insolvent, which were held to include money paid into the hands of the agents, but unremitted on the date of the insolvency, for premiums on policies of insurance that were cancelled as a result of the insolvency. The trial court further held that such policyholders were entitled *525 only to have their claims considered along with those of other creditors.
The appellant insurance agents insist that upon insolvency of their principal, the funds in their hands representing unearned premiums on policies of insurance that were cancelled by reason of the insolvency, other policy cancellation funds, and earned commissions for sale of insurance, became divested of their former character as property of the insurer. The agents state that upon learning of the insolvency they utilized that part of the funds representing unearned premiums to purchase, for the benefit of the policyholders paying the unremitted premiums, comparable insurance coverage in solvent companies.
It is provided by statute that one who solicits insurance and procures application therefor shall be held to be the agent of the person issuing a policy upon such application, and an insurance agent is also defined as one who receives or receipts for any money on account of or for any insurer, or who receives or receipts for money from other persons to be transmitted to any insurer for a policy or contract of insurance, or any renewal thereof, although such policy of insurance is not signed by him as agent or representative of such insurer (§ 625.01, Florida Statutes, F.S.A.). It appears that appellants fall strictly within that category.
Absent special contractual or statutory provisions, which do not appear in this case, it is well settled that the agent of an insurance company under receivership is not entitled to set off against the company funds an indebtedness of the company to him. And where such agent holds funds derived in payment of premiums of insurance, and which were not turned over to the company before adjudication of insolvency, the receiver is entitled to possess these funds as assets of the insolvent insurance company. This is so even though the policyholder has assigned to the agent his claim for unearned premiums due to cancellation of the policy. 44 C.J.S. Insurance § 134, p. 746.
In Robertson v. Malone, 190 F.2d 756, 759, the Court of Appeals for the Fifth Circuit was confronted with a situation similar to that in this case. In affirming a decision of the District Court for the Northern District of Florida, which denied an agent's claim for set-off, the court said:
"* * * The premiums, upon collection by the agent, became a trust fund, and thereupon arose a trust relation, and not a relation of debtor and creditor. Thus, the collected premiums were held in a fiduciary capacity. The debt owing the defendant, if existent, was due to him individually * * *"
To the same effect are Garrison v. Edward Brown & Sons, 25 Cal.2d 473, 154 P.2d 377; Bohlinger v. Ward & Co., 34 N.J. Super. 583, 113 A.2d 38, affirmed 20 N.J. 331, 120 A.2d 1; O'Neil v. Burnett, 263 Pa. 216, 106 A. 246.
Bohlinger v. Zanger, 306 N.Y. 228, 117 N.E.2d 338, relied on by appellants, is not in point for the reason that the transaction there involved an insurance broker who was the agent of the insured and who, until the settlement date, held the premium for the benefit of both the insured and the insurer.
Downey v. Humphreys, 102 Cal. App.2d 323, 227 P.2d 484, also cited by appellants, is not in point because there was an agreement between the insurance agent and the insurance company resulting in a debtor and creditor relation rather than the normal fiduciary relationship. There was also the factual situation whereby in case of cancellation the agent was obligated to return the unearned premium to the policyholder. Neither of these circumstances occur in the case on review.
There is no showing of right or obligation on the part of the agents to procure insurance with another and solvent company for the benefit of those whose policies *526 with the insolvent insurer were cancelled. To permit the agents of the insolvent company to utilize funds remitted for payment of premiums of insurance and remaining in their hands at the time of adjudication of insolvency for the purchase on behalf of the insured of other insurance in a solvent company would in effect place such policyholders in a preferred position and would work a penalty against those policyholders and creditors whose premiums were remitted to the insurer prior to insolvency. It is a paramount principle of law that an agent is forbidden to take an unfair personal advantage of the opportunities of his position in the use of things entrusted to him in the capacity of a fiduciary. Bohlinger v. Ward & Co., supra.
Finding no error, the order appealed is
Affirmed.
WIGGINTON, Chief Judge, and CARROLL, DONALD, J., concur.