**GRASER et al. v. GRASER et al.**
No. 2792.

Court of Civil Appeals of Texas.
Tenth District. Waco.
June 10, 1948.

Rehearing Denied July 8, 1948.

860

Orville Jobe, of Waco, for appellants.
Fitzpatrick & Dunnam and Tom Conway,
all of Waco, for appellees.

HALE, Justice.

This is a suit between seven brothers over
the estates of their deceased parents. It
involves the construction of a written in-
strument which is literally as follows:

"9/10/30 Waco Tex
This is our last Will & Testament that we
agree the last living from us both shall
keep part lot 6–7, 94 ft 100 and all the Notes
& Cash money on hand. The other prop-
perty shall be Devidet as follows Henry
shall have the Bread and Cake mixer Value
$500. Ernest shall have 1/2 lot of lot 3
block 10 in Barnes & Mitchell Sup Dev.
City block #854, Dallas Tex so long he is
living an if he Dies single then the propper-
ty go back to the other halve lot. Otto shall
have 1/2 lot fronting Merlin St. Hous
#2421. Dallas Tex August shall have Lot
10 block 8 Conachio Add Herman shall have

1/2 lot #5—block 9 Conachio Add Fronting Grim St. Waco Tex Willie shall have 1/2 lot of #5 block 9 Conachio Add Waco Tex so long as he livest or his Wife after the last is Death then the propperty shall be sold an equalty Devidet between August Herman Albert Otto Ernest. Albert shall have were the last one is living of the parents. but so long one of tem living He & she shall have the benefit of all the property concernet."

The foregoing instrument was written wholly in the handwriting of A. Wm. Graser, the father of the parties to this suit. It bore the signatures at the right of A. Wm. Graser and F. Augusta Graser and at the left that of Carl Graser, apparently as a subscribing witness to the other two signatures. A. Wm. Graser died on August 18, 1932. Shortly thereafter the wife, F. Augusta Graser, sought and secured an order of the probate court admitting the instrument to probate as the last will of A. Wm. Graser and appointing her as administratrix of the estate with the will annexed. Having duly qualified as such, Mrs. Graser promptly filed an inventory and appraisement of the estate, listing therein the real property involved in this suit, and the same was duly approved. She also took immediate possession of all the property described in the inventory, such property having been the community estate of herself and her husband, and exercised dominion and control over the same for her own use and benefit until the time of her death on March 23, 1939.

Albert Graser then sought to have the instrument admitted to probate as the last will of F. Augusta Graser but the probate court denied the application because such document was not executed by her as her last will under the formalities and solemnities required by law, in that the same was not written wholly in her own handwriting and its execution was not attested by two witnesses. Administration was thereafter taken out on the estate of F. Augusta Graser and the probate proceedings on her estate and that of her deceased husband were closed prior to the institution of the present suit.

Appellants—Albert, Herman, Otto, August and Willie Graser and their wives —instituted this suit against Henry and Ernest Graser. They pleaded the substance of the above facts in their extensive trial petition. They further alleged in effect that the instrument so signed by their parents was intended by them as their joint and mutual will and that such instrument was both testamentary and contractual in nature; that by reason of the facts therein set forth the terms and provisions of the instrument became binding and enforceable against their mother during her lifetime and against her estate and those claiming under her after her death; and that, since their mother had elected to ratify and confirm such testamentary contract, all parties to the suit were estopped from denying the validity or binding effect thereof. Under the facts pleaded by them, they sought to have the instrument so construed and enforced as to devise to and vest in the several parties to the suit all right, title and interest of both parents in and to the property therein described, as follows: (1) to Henry, the bread mixer; (2) to Ernest, in fee simple, 1/2 of Lot 3 in Block 10 of the Barnes and Mitchell Subdivision to the City of Dallas, Dallas County, Texas, fronting on Oakland Street and numbered 2420 thereon, described on City of Dallas Tax Rolls as Lot 3 Block 854; (3) to Otto, 1/2 of Lot 3 in Block 10 of the Barnes and Mitchell Subdivision to the City of Dallas, Dallas County, Texas, fronting on Merlin Street and numbered 2421 thereon, described on City of Dallas Tax Rolls as Lot 3 Block 854; (4) to August, Lot 10 Block 8 of the Ginnochio Addition to the City of Waco; (5) to Herman, S. E. 1/2 of Lot 5 Block 9, Ginnochio Addition to the City of Waco, known as 2419 Grim Street; (6) to Willie and his wife, Klotylda Graser, a life estate in the N. W. 1/2 of Lot 5 Block 9, Ginnochio Addition to the City of Waco, known as 2418 Cole Street, with remainder after such life estates shall have terminated to August, Herman, Albert, Otto and Ernest; and (7) to Albert, Lot B6 in Block 9 of Ginnochio Addition to the City of Waco, known as 2424 Cole Street and Lot B7 in

Block 9 of Ginnochio Addition to the City of Waco, known as 1021-1023 North 24th Street.

Henry Graser answered with a general denial and a cross-action wherein he alleged, among other things, that the instrument declared upon by appellants was the last will of A. Wm. Graser and had been duly admitted to probate as such but the same was not the will of F. Augusta Graser and that her estate was in no wise bound by the agreement, if any, contained in such instrument. He further alleged that F. Augusta Graser died intestate; that he and his six brothers were her only heirs at law; and that appellants had been in possession of all the property described in their petition since the death of his mother and were therefore liable to him for an accounting as to the reasonable rental value of his undivided interest therein. Under the facts pleaded by him he asserted his ownership of an undivided 1/7 interest in Lots B6 and B7 Block 9, Ginnochio Addition to the City of Waco, and an undivided 1/14 interest in (1) 1/2 of Lot 3 Block 10, Barnes and Mitchell Addition to the City of Dallas, (2) Lot 10 Block 8, Ginnochio Addition to the City of Waco, (3) the S. E. 1/2 of Lot 5 Block 9, Ginnochio Addition to the City of Waco, (4) 1/2 of Lot 3 Block 10, Barnes and Mitchell Subdivision to the City of Dallas, subject to the life estate of Ernest if he should die single and (5) the N. W. 1/2 of Lot 5 Block 9, Ginnochio Addition to the City of Waco, subject to the life estates of Willie and his wife, Klotylda. He sought judgment against appellants establishing his claims of ownership, for an accounting and for a partition of the real estate between the joint owners thereof by sale through a receiver to be appointed by the court.

Ernest Graser did not appear in person or by an attorney of his own selection but, having been cited by publication upon allegations that his residence was unknown, the trial court duly appointed an attorney and guardian ad litem who answered for him. He therein alleged the validity of the instrument declared upon by appellants as the last will of A. Wm. Graser but denied the validity thereof as the will of his mother or as a testamentary contract binding upon his mother or upon himself. Under the facts pleaded by him he asserted his ownership as a devisee in his father's will of an undivided 1/2 interest, in fee simple, in 1/2 of Lot 3 in Block 10 of the Barnes and Mitchell Subdivision to the City of Dallas and as an heir at law of his mother he asserted his ownership of an undivided 1/14 interest in all of the property described in the petition of appellants. He sought judgment against appellants, as did Henry, establishing his claims of ownership, for an accounting and for partition of the jointly owned property.

The case was tried before a jury. However, upon the conclusion of the evidence the court below concluded that under the evidence and the agreements of the parties there was no issue of fact to be determined by the jury. Thereupon the court discharged the jury and rendered judgment covering 13 pages in the transcript.

By the terms of the judgment it was found and decreed in effect that the instrument sued upon was the last will of A. Wm. Graser, but it was not the last will of F. Augusta Graser; that such will was unambiguous; that A. Wm. Graser thereby intended to dispose only of his undivided one-half community interest in the property therein described and that he did not intend by said will to dispose of the undivided one-half of the property owned by his wife; that the testator thereby devised and bequeathed to his wife, F. Augusta Graser, a life estate in and to his one-half of all the real property therein described, with remainder to the sons as set forth in said will; that F. Augusta Graser died intestate and by virtue thereof her undivided one-half interest in the real estate involved in the suit descended to and vested in fee simple under the statutes of descent and distribution in her seven sons, share and share alike; that appellants had been in actual possession of all the lands involved in the suit since the death of Mrs. Graser and had not accounted to Henry or Albert for their proportionate part of the rental value thereof, to which they were each entitled; and that the real estate thus jointly owned by the several parties in the

proportions therein specified was not susceptible of an equitable partition in kind. Recovery was awarded to Henry and Albert against appellants, jointly and severally, for their proportionate part of the rental value since the death of Mrs. Graser of the real estate involved and a receiver was appointed with authority to sell all of the real property in order that the proceeds derived therefrom might be distributed among the parties in the proportions as therein decreed.

Appellants say the instrument sued upon should have been construed as a testamentary contract between their parents and since their mother did not at any time revoke such instrument but caused the same to be probated as her husband's will, accepted appointment as administratrix of his estate with the will annexed and accepted benefits thereunder inconsistent with her rights as community survivor, the trial court erred in failing to hold that such contract was enforceable against their mother and those claiming under her. Consequently, they insist the judgment appealed from should be reversed and judgment should be here rendered granting the relief sought by them in the court below.

On the other hand, Ernest Graser asserts in his brief, there was no evidence that his mother signed such instrument, but if she did the same appears on its face to be invalid as her will for lack of attesting witnesses; that an invalid will ought not to be construed as an irrevocable testamentary contract; and that an instrument which is denied probate as a will for want of proper attestation has no force as a testamentary disposition of any part of the decedent's estate. In his brief Henry Graser makes similar contentions to those of Albert and in addition thereto asserts, among other things, that if the instrument in suit be construed as a contract between his parents, then his mother was not bound thereby because a married woman is not bound by a testamentary contract when the same is not executed and acknowledged by her in the manner required by law for the conveyance of real estate.

■ Rule 93, Sub. (h) of Texas Rules Civil Procedure, provides in effect that when a suit is based upon an instrument in writing, the same shall be received in evidence as fully proved unless the execution thereof shall have been denied under oath. In their trial petition appellants expressly alleged that the written instrument relied upon by them was signed and executed by both A. Wm. Graser and his wife, F. Augusta Graser. Neither Albert nor Henry denied under oath in their pleadings the execution thereof as required under the foregoing rule. Hence we think the trial court was warranted in presuming and finding, as he did, that such instrument was signed by both of the parents. Smith v. Smith, Tex.Civ.App., 200 S.W. 540, pt. 2 and authorities; Reiser v. Jennings, Tex. Civ.App., 143 S.W.2d 99, pt. 1; Newsom v. Fikes, Tex.Civ.App., 153 S.W.2d 962.

■ In a suit to construe and enforce a written instrument, such as is here involved, it is the duty of the courts to arrive at the true intention of the persons who executed the same, to the end that the ultimate purposes thereof may be effectuated where that can be legally done. Haupt v. Michaelis, Tex.Com.App., 231 S. W. 706; Estes v. Estes, Tex.Com.App., 267 S.W. 709; Arrington v. McDaniel, Tex.Com.App., 14 S.W.2d 1009; Jackson v. Templin, Tex.Com.App., 66 S.W.2d 666, 92 A.L.R. 873; Lockett v. Wood, Tex.Civ. App., 84 S.W.2d 798; First Me. Church South v. Anderson, Tex.Civ.App., 110 S.W. 2d 1177. While such intention must be ascertained from the words actually used in the instrument as a whole and from those words alone, extrinsic evidence of the material circumstances surrounding its execution may be considered when such will properly serve as an aid in discovering the true intent and meaning of the words therein employed. Runt v. White, 24 Tex. 643; Cleveland v. Cleveland, 89 Tex. 445, 35 S.W. 145; Federal Land Bank of Houston v. Little, 130 Tex. 173, 107 S.W.2d 374.

■ We find nothing in the instrument before us, or in the evidence relating thereto, which tends in any wise to indicate to us that it was the intention of A. Wm. Graser or of F. Augusta Graser, in the execution thereof, to evidence thereby his or

her separate and individual will, independent of any action or agreement on the part of the other, or that either intended thereby to dispose only of his or her undivided one-half interest in the property therein described. The first line recites that "This is *our* last Will & Testament." The second line is "that *we* agree etc", setting forth throughout the remainder thereof the testamentary disposition which they jointly and mutually wished and sought to make of their property in pursuance of the express agreement therein contained. At no place therein do we find any pronoun of the first person used in the singular. Both signatures thereto are affixed on the same line. Therefore, it is quite clear to us from all the words actually used in the instrument as a whole, and from all of the extrinsic evidence properly relating thereto, that it was the intention of both parents in the execution thereof to evidence thereby their joint and mutual will made in pursuance of the bilateral agreement therein expressed to the effect that both and each did thereby jointly and mutually agree to give, devise and bequeath to the survivor of them a life estate in their common property, with remainder to their several children as therein specified. Being convinced that such was undoubtedly the true intention of both parents in the execution of the instrument here involved and that such was and is the legal import and effect thereof, we must construe the same accordingly.

■ Under the record before us, we see no valid reason why the intended purposes of the instrument as thus construed should not be legally enforced in this suit. We think it is immaterial that Mrs. Graser might have executed the same under such circumstances as to render it invalid as her separate and individual will, or that for any reason such instrument might have been revocable or unenforceable as a testamentary contract during the lifetime of the husband, because the undisputed evidence shows that neither she nor her husband attempted to revoke the same or to repudiate the agreement therein contained but each and both consistently acted thereon until the time of the death of each as if it had been in all respects mutually binding upon both. That being true, it is our opinion that the parties to this suit are now estopped from denying the validity or binding effect of the instrument as it was originally executed by Mr. and Mrs. Graser. Chadwick v. Bristow, Tex.Civ.App., 204 S.W.2d 65; Id., Tex.Sup., 208 S.W.2d 888.

■ The law appears to be well settled in this state that where a husband and wife make a joint will pursuant to a contract between them, by which each devises to the other a life estate in their common property, with remainder to their children, the survivor becomes irrevocably bound thereby if he or she accepts benefits accruing under such contract and will. Larrabee v. Porter, Tex.Civ.App., 166 S.W. 395, er. ref.; Moore v. Moore, Tex.Civ. App., 198 S.W. 659, er ref.; Heller v. Heller, Tex.Civ.App., 233 S.W. 870; Howard v. Combs, Tex.Civ.App., 113 S.W.2d 221; Johnson v. Durst, Tex.Civ.App., 115 S.W.2d 1000, er. dis.; French v. French, Tex.Civ.App., 148 S.W.2d 930, er. dis.; McWhorter v. Humphreys, Tex.Civ.App., 161 S.W.2d 304, er ref.; Curtis v. Aycock, Tex.Civ.App., 179 S.W.2d 843, 846, er. ref. w. m.

As said by this court in the case of Curtis v. Aycock, supra, the foregoing rule "is grounded upon the sound principle that when the first to die has completely performed his or her part of the executory agreement, whether evidenced by a pre-existing contract to sign the joint will or by the terms of the will itself, the survivor who accepts benefits thereunder should not later be permitted to repudiate the unfavorable provisions of such agreement or will. Sherman v. Goodson's Heirs, Tex. Civ.App., 219 S.W. 839, error refused."

■ Since the undisputed evidence and the agreements of the parties to this suit show conclusively that A. Wm. Graser completely performed his part of the testamentary contract declared upon by appellants, that F. Augusta Graser did not at any time revoke or attempt to revoke or repudiate the same, but caused it to be probated as her husband's will, accepted appointment as administratrix of his estate with the will annexed, took possession of all their common property and appropriated the same to her own uses until the time of her death,

thereby accepting benefits under the will which were inconsistent with her rights as community survivor, we have concluded that appellants were and are entitled under the pleadings and evidence to have such instrument construed and enforced in substantial compliance with their contentions as herein set forth. Larrabee v. Porter, Tex.Civ.App., 166 S.W. 395, er. ref.; Sherman v. Goodson's Heirs, Tex.Civ.App., 219 S.W. 839, er. ref.; Rossetti v. Benavides, Tex.Civ.App., 195 S.W. 208, er. ref.; Kirtley v. Spencer, Tex.Civ.App., 222 S.W. 328, er. ref.; Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165.

Accordingly, the judgment appealed from is reversed and judgment is here rendered in favor of appellants·as above indicated.