## WEAVER et al. v. VAN WAGNER
### No. 12586.

Court of Civil Appeals of Texas. Galveston.

June 4, 1953.

Gerald S. Gordon, Houston, for appellants.

No brief filed for appellee.

**GRAVES, Justice.**

This is an appeal from an interlocutory order of the 127th Judicial District Court of Harris County, Texas, the Honorable W. P. Hamblen, Jr., presiding, wherein Vernon D. Weaver and Joe Steinmetz, individually, and as the Restriction Protection Committee of Old River Terrace Fourth Section Civic Club, were denied a temporary injunction against James Guy Van Wagner, appellee herein. The appellee's answer consisted of an unverified general denial to plaintiffs' verified application for temporary injunction.

The allegations of fact contained in plaintiffs' original petition were stipulated as correct, and pictures reflecting the buildings of the defendant were introduced as exhibits, together with the plat of the subdivision, and the recorded restrictions thereon. The trial court subsequently denied appellants' application for temporary injunction, and made findings-of-fact and conclusions-of-law.

Appellants' points of error, in this Court, are these:

The trial court erred in holding as a matter of law; first, that the use to which the defendant intends to put such property is residential and not commercial;

Second, that the erection of numerous connecting dwellings at one time on one tract would not result in a complete change at one time of the character, plan, and scheme, of the subdivision;

Third, that the appellants are guilty of laches, and are estopped from seeking the relief sought;

Fourth, in not granting the temporary injunction to maintain the status quo, until a final adjudication can be had on the merits of the case.

This Court has not been favored with the presentment here of briefs by the appellee, but the appellants have been diligent in both briefing and orally arguing through their counsel their resort to this Court from the action of the court below.

However, after its consideration of the appeal so presented here, it is concluded that the judgment of the trial court refusing the temporary writ so appealed from should be affirmed. In the first place, it has been long held under our authorities that the only issue on appeal in such a case is whether or not the trial court abused its discretion in refusing the temporary writ applied for. 24 Tex.Jur. 313, par. 253, and foot-note cited authorities; also 6 Tex. Jur. 10 Yr. Supplement, 1937 to 1947, page 63, par. 253, and foot-note cited authorities.

In the second place, contrary to the apparent position of the appellants, from their emphasis on the fact that the appellee's answer "consisted of an unverified general denial to plaintiffs' verified application for temporary injunction", the answer was not required to be under oath. See rule 690, T.R.C.P.

Not only so, but, further, as the very full findings-of-fact and law filed by the trial court in support of its judgment adverse to the appellants herein show, it declared in its conclusion-of-law No. 4 that the appellants herein had been "guilty of laches, and are estopped from seeking the relief sought."

It is true that appellants also obliged this Court by sending up with the record here, under seal, the original documents introduced by the appellants below, constituting the "Plaintiffs' Exhibits"; but these documents, in the opinion of this Court, do not constitute any demonstration that the learned trial court abused a sound discretion upon its part in its refusal to stop, temporarily, what happened to be upon the face of things, a mere continuation of the residential use of property he had long been one of the promoters of.

Without further discussion, the appealed-from judgment will be affirmed.

Affirmed.

MONTEITH, C. J., not sitting.