PINKSTON–HOLLAR, INC., Appellant,

v.

BIG THREE WELDING SUPPLY COMPANY, Appellee.

No. 16503.

Court of Civil Appeals of Texas.

Fort Worth.

April 24, 1964.

Lemon, Close & Atkinson, and R. D. Lemon, Perryton, for appellant.

Mehl, Williams & Ashley and Carlos C. Ashley, Jr., Fort Worth, for appellee.

MASSEY, Chief Justice.

Our opinion in this case, filed under date of March 13, 1964, is withdrawn and the following substituted therefor.

This is an appeal from an order overruling a plea of privilege. The plaintiff, Big Three Welding Supply Company, prevailed in the matter of venue against defendant, Pinkston-Hollar, Inc., on the latter's contention that subdivision or exception No. 5, "Contract in writing", to Vernon's Ann.Tex.St. Art. 1995, "Venue, general rule", had application to its suit. The exception gives a plaintiff the right to sue a defendant in the county wherein he has contracted to perform an obligation, either upon or by reason of such obligation, if same be in writing.

 Upon the hearing of a plea of privilege in a case where a plaintiff's controverting affidavit raises such a venue issue, the burden of proof is upon the plaintiff. This is so because a plea of privilege is prima facie proof of the defendant's right to change venue. In order to sustain venue under subdivision or exception No. 5, it is necessary for the plaintiff to prove by a preponderance of the evidence, under his pleadings, an obligation in writing executed by and binding the defendant to perform the same in the county of the suit. Clark, Venue in Civil Actions, p. 244 et seq., "The Hearing", § 2, "The Hearing Itself", and p. 45, "Contract in Writing", § 6, "Proof Necessary to Sustain Venue".

At the time assigned for hearing the plea of privilege of Pinkston-Hollar, Inc., the said defendant failed to appear and wholly made default. Hearing was conducted, nevertheless, following which, order of the court was entered in which it was recited: "* * * and the Court having heard and considered such Plea of Privilege and Controverting Plea, and the evidence and argument of counsel thereon and being of the opinion that the Plea of Privilege should be overruled, it is accordingly ORDERED, ADJUDGED and DECREED

that such Plea of Privilege be and the same is hereby overruled."

There is no statement of facts included in the record on appeal. Therefore we do not know the nature of the evidence to which the Court's order referred. There are no findings of fact or conclusions of law in the transcript.

 The trial court felt that the plaintiff, Big Three Welding Supply Company, presented sufficient evidence to support the judgment. Under the circumstances we are bound to presume that there was sufficient evidence. Furthermore we must presume that the trial court found such facts thereupon as was necessary to support its judgment. We can reverse only for error assigned or for fundamental error.

Attached as an exhibit to the plaintiff's petition and to its controverting affidavit was an unsigned invoice upon which plaintiff apparently declared as a basis for its right to retain venue in the county of suit under subdivision No. 5. Our original inclination was to view this as an entirety and as the evidence to be considered in the determination of whether plaintiff was correctly asserting its venue right, but upon reflection we have concluded that a proper view of the case should not be so confined. For all we know there was evidence introduced before the court which established that contract in writing which plaintiff alleged. By its first point of error the defendant assumed that the invoice was not aided by other evidence, or that the "contract in writing" alleged by plaintiff was not otherwise proved, and contended that the judgment was erroneous as holding the unsigned invoice as a "contract in writing" within the meaning of the subdivision. As demonstrated by what we have heretofore noted our view of the case should not be confined to the unsigned invoice made an exhibit, but we are obliged to presume that there was other or additional evidence before the trial court by which its decision found support. The point of error is overruled.

In another point of error the defendant assumes that the trial court erred in overruling the plea of privilege based upon another invoice which defendant had signed, evidencing an account between the parties. This signed invoice was attached to plaintiff's pleadings as an exhibit. According to the conclusion of the defendant, only this fact could have been, and was, relied upon by the trial court as furnishing support for the judgment. The defendant assumes that the invoice was the whole of plaintiff's proof that defendant promised in writing to be obligated upon all other indebtedness which might be or become owing by defendant to plaintiff, language to such effect appearing on the signed invoice. In this we should not be confined to the view taken by the defendant. To say that the trial court necessarily predicated its finding upon the writing of this invoice—by carrying forward the promise thereunder made unto the unsigned invoice—would be to take too narrow a view of the whole case. We are obliged to presume that there was other or additional evidence before the trial court by which its decision found support. The point of error is overruled.

Judgment is affirmed.