**Leroy BROWN d/b/a Brown Hearing Aid Center, Appellant,**

v.

**H. F. SNYDER, Appellee.**

No. 6994.

Court of Civil Appeals of Texas.

Beaumont.

May 29, 1968.

Leyton Jenkins, Orange, for appellant.

Robert S. Briggs, Beaumont, for appellee.

———◆———

STEPHENSON, Justice.

This is an appeal from an order of the trial court overruling a plea of privilege. The parties will be referred to here as they were in the trial court.

This is an action brought in Jefferson County to recover the purchase price paid for a hearing aid. Defendant filed his plea of privilege to be sued in Orange County, the county of his residence. Plaintiff relied upon Section 7 of Article 1995 Vernon's Ann.Civ.St. to maintain venue in Jefferson County. This section provides in part, that in all cases of fraud, suit may be brought in the county where the fraud was committed.

■ Defendant has three points of error, that there was no evidence that the fraud did in fact occur, that there was no evidence that the fraud occurred in the county of the suit, and that there was no evidence the fraud was committed by the defendant. There are no findings of fact or conclusions of law, and no statements of facts. Under these circumstances, the law is clear in this state, that we must presume that proof was made of all necessary facts to sustain the judgment of the trial court overruling the plea of privilege. Pinkston-Hollar, Inc. v. Big Three Welding Supply Co., Tex.Civ.App., 378 S.W.2d 715. These points are overruled.

Defendant's last point of error is that the fraud pled was not the gist of the cause of action, but merely incidental to the principal dispute. Plaintiff made the following allegations: That plaintiff was an elderly retired man living in Port Arthur, Texas. That defendant approached plaintiff at his home and represented to plaintiff that plaintiff needed a hearing aid which would be paid for by the Texas Department of Public Welfare. That defendant knew that it was necessary for two licensed physicians to find a need for the hearing aid before the Welfare Department would pay for it, but fraudulently concealed this requirement from plaintiff. That plaintiff relied upon the fraudulent representations that he needed a hearing aid and that it would be paid for by the Welfare Department in making the purchase. That plaintiff then made an application with the Welfare Department for reimbursement and found out about the requirement as to the two physicians. That plaintiff saw two physicians and both stated there was no necessity for a hearing aid. That the Welfare Department would not compensate plaintiff for the hearing aid.

■ We do not construe plaintiff's petition as being a suit brought for breach of contract, and as merely alleging fraud

in inducement. Even though a contract is involved, and even though the fraudulent statements alleged were made before the contract was consummated, we hold this action to be one based upon fraud within the meaning of the venue statute. This is an action to rescind a contract because of the fraud alleged and to recover the purchase price. As it is said in Cockburn v. Less, Tex.Civ.App., 257 S.W.2d 470:

> Since the exception [fraud] uses the language "all cases of fraud", it follows that irrespective of whether the suit is for damages for fraud or for rescission of the contract on account of fraud, the suit may be properly instituted and maintained in the county where the fraud occurred.

Affirmed.