**M. MIHAILOV, Appellant,**

v.

**CITY OF CEDAR HILL et al., Appellees.**

**No. 17422.**

Court of Civil Appeals of Texas, Dallas.

March 20, 1970.

Rehearing Denied April 17, 1970.

G. H. Kelsoe, Jr., Kelsoe, Stone & Paternostro, Dallas, for appellant.

C. A. Searcy Miller, Anderson, Henley, Shields, Bradford & Pritchard, Dallas, for appellees.

DIXON, Chief Justice.

This is an appeal from an order of a district court refusing to grant a temporary injunction.

On July 31, 1969 appellant M. Mihailov filed suit against the City of Cedar Hill, Texas and against Texas Power & Light Company praying for a temporary and a permanent injunction against the City of Cedar Hill and a writ of mandamus against Texas Power & Light Company.

In his original petition appellant alleges that the City wrongfully and maliciously ordered Texas Power & Light Company not to furnish appellant electric power and light service for a mobile home site which appellant is developing; and that in compliance with said order the company refused and is continuing to refuse to furnish power and light to appellant's mobile home site.

Appellant further alleges in his petition that Texas Power & Light Company owes him a legal duty to furnish electric power and light, and that he has a right to such service from the Company. Wherefore he prays that a writ of mandamus issue di-

recting the Company to furnish such electric power and light.

As to the City of Cedar Hill appellant asks that the municipality be temporarily enjoined from prohibiting Texas Power & Light Company from furnishing electric power and light to appellant's premises or interfering "in any manner with Texas Power & Light Company in the furnishing of electric light and current to said premises." And that on final hearing said injunction be made permanent.

On October 13, 1969 the trial court signed an order denying the temporary injunction and also denying the application for a writ of mandamus. Appellant gave notice of appeal from said order.

## FACTS

Ray Shaver, Manager of Texas Power & Light Company's Southwest Dallas County operation, testified that appellant applied for light and power service for the property in question, posted a money deposit for such service and complied with the Company's rules and regulations. However the Company received a letter* from the City requesting that appellant's property not be serviced and because of said letter the Company has not furnished electricity to appellant's premises.

Appellant M. Mihailov testified that his property lies outside the city limits of the

City of Cedar Hill. In this connection appellant testified as follows:

· "Q How close is your property to the City of Cedar Hill?

A I couldn't answer that question, exactly.

Q What is your best recollection?

\* \* \* \* \* \*

Q How close is it, in your best estimate?

A Half a mile or more, *possibly*." (Emphasis ours.)

Appellant further testified that he is developing his land to rent spaces to mobile homes and had seventeen spaces that were scheduled to be developed in thirty days when he had to curtail his operation due to the refusal of Texas Power & Light Company to furnish the mobile site with electric power and light.

The City did not offer any evidence.

## OPINION

Appellant in his brief complains only of that part of the court's order denying the temporary injunction as to the City of Cedar Hill. He does not complain of that part of the order denying the writ of mandamus as to Texas Power & Light Company or ask that his cause of action against the Company be severed from the rest of the order so that he may appeal from that part of the order denying the writ of mandamus.

---

* We herewith copy the letter in full:

"June 11, 1969

Mr. Ray Shaver
Texas Power & Light Co.
P.O. Box 9
Duncanville, Texas
Dear Sir:
   You are advised that the City of Cedar Hill, Texas maintains extra-territorial jurisdiction over the area located in the unrecorded Brookview Addition east of Cedar Hill city limits near Tar Road, upon which you plan to extend service. This area is under consideration by the City at this time regarding possible litigation in connection with the use being made of the property.

Our attorney is of the opinion that we can regulate the use made of the property in question and we would request that you defer extending any lines or service to the area in question until such time as we have a court adjudication of (*sic*) Attorney General's opinion regarding the matter.
   This is made in the nature of a *request* in hopes that litigation with Texas Power & Light Company will not be necessary.
Sincerely,
/s/ Ithiel Worden
/t/ Ithiel Worden, Mayor
   City of Cedar Hill, Texas"
(Emphasis ours.)

Appellant relies on three points of error: the court erred in denying the temporary injunction because (1) appellant made out a prima facie case and the City failed to introduce any evidence to overcome it; (2) there is no evidence to support the court's implied finding that the granting of electric service to appellant's property would harm the health, safety and welfare of the residents of Cedar Hill; and (3) the court abused its discretion as a matter of law in that the undisputed evidence established the existence of a probable injury and probable right of recovery by appellant.

We have concluded that appellant's points should be overruled and the trial court's judgment refusing to grant the temporary injunction should be affirmed. We have so concluded for these reasons:

(1) The City did not *order* Texas Power & Light Company to refuse power and light service to appellant's property. The letter uses the word "request."

(2) Texas Power & Light Company is under no court ordered compulsion to service appellant's property, for the application for a writ of mandamus was refused. The question whether the Company is duty bound to furnish such service, or whether appellant has a legal right to such service, is not before us on this appeal. Even if the temporary injunction were granted and the City restrained from further efforts in opposition to the furnishing of electric service to appellant, there is no guarantee that Texas Power & Light Company would furnish the service. The receipt of the letter, whatever its effect may be, is a *fait accompli*—the Company is well aware now that the City does not want the electric service to be furnished to appellant.

■ (3) The burden was on appellant to show that the court should grant a temporary injunction. The burden was not on the City to prove that the temporary injunction should be refused.

(4) The record is silent as to whether the City has extraterritorial rights to the area in question pursuant to Art. 970a, Sec. 3, subd. A(2), Vernon's Ann.Civ.St. It was stipulated that Cedar Hill has a population of less than 5,000. But whether the area which includes the mobile home site lies within one-half mile of the City remains undetermined. Appellant's testimony that he doesn't know exactly how close his property is to the City, but that the distance is "half a mile, or more, *possibly*" (emphasis ours) is not evidence of probative value on the subject.

■ (5) The scope of the temporary injunction sought by appellant is very broad, indeed. Appellant seeks to restrain the City from "interfering *in any manner* with Texas Power & Light Company in the furnishing of electric light and current to said premises." (Emphasis ours.) Neither the trial court nor this court may under the circumstances presented by this record deny the City access to the courts to litigate the question of extraterritorial rights the City claims under Art. 970a, Sections 4 and 5, V.A.C.S.

■ It has long been the rule that unless the undisputed evidence demonstrates beyond any question that an applicant has a clear right to a temporary injunction as a matter of law the trial court has a broad discretion in granting a temporary injunction; and that an appellate court will not reverse the trial court's order refusing or granting a temporary injunction in the absence of an abuse of discretion. Authorities supported our holding herein and our reasons therefor are as follows: Millwrights Local Union No. 2484 v. Rust Engineering Co., 433 S.W.2d 683, 686 (Tex.Sup.1968); Camp. v. Shannon, 162 Tex. 515, 348 S.W.2d 517, 519 (1961); Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union, et al., 151 Tex. 239, 248 S.W.2d 460, 462 (1952); Southwestern Associated Tel. Co. v. City of Dalhart et al., 254 S.W.2d 819, 826 (Tex.Civ.App., Amarillo 1952, writ ref'd n. r. e.); Weaver v. Van Wagner, 259 S.W.2d 348 (Tex.Civ.App., Galveston

1953, no writ) ; Jones v. Smith, 248 S.W. 2d 1022 (Tex.Civ.App., Galveston 1952, no writ) ; 31 Tex.Jur.2d 262, 264, 345.

In this case we do not believe that the trial court abused its discretion in denying the temporary injunction. Appellant's points of error are overruled. The judgment of the trial court is affirmed.

Affirmed.