**Mrs. J. D. VanHUSS et al., Appellants,**

**v.**

**Bob BUCHANAN, Appellee.**

**No. 17493.**

Court of Civil Appeals of Texas, Fort Worth.

April 5, 1974.

Rehearing Denied May 3, 1974, Per Opinion.

Rehearing Denied June 7, 1974.

Schenk, Wesbrooks, Smith & Douglass, and Perry Wesbrooks, Wichita Falls, for appellants.

W. B. Woodruff, Jr., Decatur, for appellee.

OPINION

BREWSTER, Justice.

This is an appeal by the two defendants in the case, Mrs. J. D. VanHuss and her son, Jack VanHuss, from orders overruling their pleas of privilege. Both defendants lived outside the county of suit.

The plaintiff, Bob Buchanan, sued the defendants in Wise County, Texas, seeking to recover from both a joint and several judgment on a $40,000.00 note that was executed by Mrs. J. D. VanHuss and one of her other sons, T. L. VanHuss, who had died prior to the time the suit -was filed. The principal and interest of the note were, by its terms, made payable in Wise County, Texas. The makers of the note also executed a security agreement by the

terms of which they conveyed to plaintiff a security interest in 2,000 pounds of A.M. P.I. Milk Marketing Base as security for the payment of the note. Plaintiff sought as against Mrs. VanHuss a judgment on the note plus a foreclosure of the security agreement lien.

The plaintiff's petition alleged that T. L. VanHuss, a co-maker of the note, was dead, that he died intestate, that he had never been married, that he left no descendants, that there was no administration on his estate, and that he left as his only heirs, his mother who is the defendant, Mrs. J. D. VanHuss, and his brother, who is the other defendant, Jack VanHuss. He further alleged that he was suing Jack VanHuss in his capacity as an heir at law of T. L. VanHuss, deceased, who had been an owner at the time of his death of the property that was the subject matter of the security agreement that is herein sought to be foreclosed. Plaintiff alleged that Jack VanHuss was in possession of this property, and was claiming some sort of right or title to it. The defendant, Jack VanHuss, was also sued in his individual capacity.

Mrs. VanHuss' point of error is that the trial court erred in overruling her plea of privilege to be sued in Clay County, the county of her residence.

We overrule this point.

Plaintiff contended he had a right to keep venue as to Mrs. VanHuss in Wise County by virtue of Subd. 5, Art. 1995, Vernon's Ann.Civ.St., because the written contract sued on was by its terms made payable in Wise County, Texas.

█ The law is that to keep venue in the county of suit under Art. 1995, Subd. 5, the plaintiff must prove by a preponderance of the evidence at the venue hearing that the contract in writing that is sued on was executed by defendant and that the terms of the contract bound the defendant to perform the contract in the county of suit. Pinkston-Hollar, Inc. v. Big Three

Welding Supply Co., 378 S.W.2d 715 (Fort Worth, Tex.Civ.App., 1964, no writ hist.).

█ In this case Mrs. VanHuss did not deny under oath the execution of the note sued on as is required by Rule 93, Texas Rules of Civil Procedure. Therefore, it was not necessary that plaintiff prove execution of the note by her. It was only necessary under those circumstances that the note be introduced into evidence in order to prove up its terms. Thompson v. Republic Acceptance Corporation, 388 S. W.2d 404 (Tex.Sup., 1965). The plaintiff here did introduce the note into evidence and it was received without objection. It showed by its terms that it was made performable by Mrs. VanHuss in the county of suit. This was all that plaintiff had to prove under the facts of this case in order to show his right to keep venue of Mrs. VanHuss' case in Wise County under Subd. 5, Art. 1995. See 60 Tex.Jur.2d, Venue, Sections 210 and 211.

Mrs. VanHuss contends that the rules we have announced above should not apply here because the contract sued on was illegal and void because in violation of the antitrust laws. We overrule this contention.

█ Neither defendant pleaded in the trial court that the contract sued on was illegal or that it was in violation of the antitrust laws. Because of this the defense of illegality was waived.

Under Rule 94, T.R.C.P., illegality is an affirmative defense that must be pleaded. If illegality is not affirmatively pleaded as a defense, it is waived. Free-Flow Muffler Company v. Kliewer, 283 S.W.2d 778 (Texarkana, Tex.Civ.App., 1955, ref. n. r. e.); Chapman v. Tyler Bank & Trust Company, 396 S.W.2d 143 (Tyler Tex.Civ. App., 1965, ref., n. r. e.); and Bachman Center Corporation v. Sale, 359 S.W.2d 290 (Dallas, Tex.Civ.App., 1962, ref., n. r. e.) The contracts here sued upon do not show on their face that they are illegal as being in violation of the antitrust laws.

In addition to what we have said, whether or not a contract is illegal is a defensive matter, and it is not one of the venue facts to be determined at the venue hearing. 60 Tex.Jur.2d, Venue, Sec. 210, notes 10 and 11; and Arnold v. Wheeler, 304 S.W.2d 368 (San Antonio, Tex.Civ. App., 1957, ref., n. r. e.).

The second point of error urged by defendants is that the court erred in overruling the plea of privilege of defendant, Jack VanHuss.

We also overrule this point.

Plaintiff contends that he is entitled to keep venue of the case against Jack VanHuss in Wise County, Texas, under Art. 1995, subd. 29a, V.A.C.S. It provides in substance that when there are two or more defendants in any suit and it is lawfully maintainable in the county of suit against one of them under the provisions of Art. 1995, then it can be maintained in that county against any and all necessary parties.

The following is from McDonald's "Texas Civil Practice", Vol. 1, Sec. 4.36, note 27: "Before exception 29a can apply, four conditions must exist: the action must be against two or more defendants; all of them must reside outside the county of suit; venue must be proper against at least one of the defendants under some exception to the general venue rule; and the defendant urging his privilege must be a necessary party to the claim against the defendant as to whom venue is proper. The venue facts thus become clear:

"(I) Plaintiff must establish the propriety of venue as to some defendant under some exception to the general venue rule. . . . The controverting affidavit must allege, and plaintiff must establish, facts which sustain the venue of the action in the county of suit as against one defendant; . . . .

"(II) Plaintiff must show that the defendant urging his plea of privilege is a necessary party upon the cause of action as to which venue against the codefendant has been established."

In this case, as demonstrated above, the plaintiff, at the venue hearing, alleged and proved that he had a right to try the case in Wise County as against Mrs. VanHuss under Subd. 5 of Art. 1995, V.A.C.S. The case was brought against two defendants, neither of whom lived in Wise County.

The remaining question for our determination is whether the plaintiff alleged and proved at the venue hearing that Jack VanHuss is a necessary party to the cause of action as to which venue against Mrs. J. D. VanHuss has been established.

Before 1956 some cases had held that "Whether a defendant is a necessary party pertains to the nature of the suit and is provable by the allegations of the plaintiff's petition." See 60 Tex.Jur.2d, Venue, Sec. 221, page 121–122, note 4.

But in 1956 the Supreme Court in Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758, overruled the holdings of those cases on that point saying at page 763 of the opinion the following: "It is our opinion that a plaintiff who relies on Subdivision 29a to maintain venue of a defendant in the county of suit must not only allege the facts which make such defendant a necessary party to the suit within the meaning of that subdivision, but must also prove by independent evidence all of such facts except those which are taken as admitted under the pleadings or which are established as a matter of law by the allegations of the petition."

At page 764 of the opinion in that case the court defined a necessary party as follows: "Every person whose joinder is necessary to afford the plaintiff the full relief to which he is entitled in the suit which can thus be maintained in that county is a necessary party within the meaning of Subdivision 29a."

In this case the plaintiff had sought a joint and several judgment against the two defendants for the amount of the note plus

a foreclosure against both defendants of the lien created by the security agreement. As noted, defendant, Jack VanHuss, was sued here in his individual capacity and also in his capacity of being an heir of T. L. VanHuss who was a co-maker of the note and who also owned an interest in the property covered by the security agreement that is herein sought to be foreclosed.

Section 37, Probate Code, V.A.C.S., V. A.T.S., provides in part as follows: ". . . whenever a person dies intestate, all of his estate shall vest immediately in his heirs at law, but . . . shall still be liable and subject in their hands to the payment of the debts of the intestate . . . ."

Section 38, Probate Code, V.A.C.S., in substance provides that if a person owning property dies intestate, leaving no spouse and leaving no children, but leaving surviving only one parent and brothers or sisters or both, that his interest in the property shall descend one-half to the surviving parent and the other one-half to his surviving brothers and sisters.

Under the facts alleged by plaintiff the title to one-half of the interest in the mortgaged property that T. L. VanHuss had owned, the lien on which plaintiff seeks herein to foreclose, passed by inheritance to and vested in the defendant, Jack VanHuss, at the death of T. L. VanHuss by virtue of him being an heir of the said T. L. VanHuss. But because of the above set out provisions of the Probate Code, Jack VanHuss acquired title to this one-half interest in the mortgaged property subject to the payment of the debts of the intestate, T. L. VanHuss.

▋ The law is that an heir who has received property of the estate to which he is an heir is only personally liable to the creditors of such estate to the extent of the value of the estate's property that he has received. See cases listed in Notes 10 and 11, under Section 37 of the Probate Code, 17A V.A.C.S., appearing at pages 118 through 121, inclusive.

In this case, at the hearing, evidence was offered that T. L. VanHuss died intestate before the hearing, that he was a single man, that he had no children, that the only parent he left surviving was the other defendant, Mrs. J. D. VanHuss, and that the defendant, Jack VanHuss, was his brother and that no other brothers or sisters survived him. There was evidence that there was no administration on his estate.

It is true that there was no direct testimony that T. L. VanHuss executed the note and security agreement sued upon here but such proof was not necessary in this case. This fact was alleged by the plaintiff and Jack VanHuss did not deny under oath that his ancestor, T. L. VanHuss, executed such instruments as is required by Rule 93, T.R.C.P. Jack VanHuss was sued here in his capacity as an heir and in order to place on plaintiff the burden of proving at the venue hearing the execution by the ancestor, T. L. VanHuss, of the written agreements on which the suit was based, it was necessary for Jack VanHuss to deny under oath that his ancestor from whom he acquired title had executed such instruments. The note and security agreement were both introduced into evidence without objection of any kind. See Newsom v. Fikes, 153 S.W.2d 962 (Fort Worth, Tex.Civ.App., 1941, ref., w. o. m.); Smith v. Smith, 200 S.W. 540 (El Paso, Tex.Civ.App., 1917, no writ hist.); and Graser v. Graser, 212 S.W.2d 859 (Waco, Tex.Civ.App., 1948, reversed on other grounds in 147 Tex. 404, 215 S.W. 2d 867).

Evidence was also offered at the hearing to prove that after the death of T. L. VanHuss the defendant had taken over the possession and control of the property on which the said T. L. VanHuss and Mrs. J. D. VanHuss had granted the lien or security agreement that is herein sought to be foreclosed and that he was claiming an interest therein. The lien on this property was given as the security for the payment of the $40,000.00 note on which there was a balance due of over $33,000.00 at the time of the hearing.

■ We hold that plaintiff proved sufficient facts at the venue hearing to show that Jack VanHuss was a necessary party to the suit against Mrs. VanHuss for recovery on the note and for a foreclosure of the security agreement lien.

In the Ladner case, supra, the court said, 293 S.W.2d at page 764 of its opinion: "Where the plaintiff, if he recovers, will be entitled to a joint judgment against two defendants and the suit is maintainable where brought as to one of the defendants under another subdivision of Art. 1995, the other defendant is a necessary party within the meaning of Subdivision 29a."

That court also said at page 763: "A . . . person in possession of or claiming an interest in the security is a necessary party to an action to foreclose a note and mortgage on either real or personal property."

In the case of Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284 (Tex.Com.App., 1939, opinion adopted by the Supreme Court) the plaintiff sued the maker of a note for judgment on the note and for foreclosure of a lien on property mortgaged to secure payment of the note. After the note and mortgage were executed the owner of the mortgaged property conveyed it to a third person. The plaintiff also made this third person to whom the mortgaged property was conveyed a party defendant seeking a foreclosure against him and the court held that he was a necessary party to the suit against the maker of the note, within the meaning of Subd. 29a, Art. 1995, V.A.C.S.

In Clingingsmith v. Bond, 150 Tex. 419, 241 S.W.2d 616 (1951) the plaintiff delivered property to one Sheer on consignment with the agreement that Sheer would account to him within one and one-half months after delivery. Sheer then delivered to Case a plate of the diamond rings that plaintiff had let Sheer have. Sheer put them up with Case as security for a $1,000.00 loan. Case started claiming title to the rings. Plaintiff sued Sheer and Case to recover the property and the question was whether Case was a necessary party within the meaning of Subd. 29a. The court held that Case was a necessary party saying at page 617 of the opinion:

"In this case relator seeks to recover all of the property delivered to Sheer, including that subsequently pawned to Case and now held by him under his replevy bond. In order for relator to obtain the complete relief sought, Case must be made a party to the suit, for unless he is a party, a judgment entered by the trial court awarding title and possession of the property to relator would not be binding upon him, and in order for relator to then gain title and possession of the property held by Case, or its value, another suit would have to be filed.

"We therefore conclude that as to respondent Case, venue properly lies in Dallas County by virtue of Subdivision 29a . . . . ."

The judgment is affirmed.

## ON MOTION FOR REHEARING

In our opinion in this case we held that because the defendants did not plead illegality as a defense prior to the venue hearing that the defendant waived such defense. Our holding applies only to the issues raised for the court's consideration at the venue hearing. We recognize the fact that the defendant would have a right to later plead illegality as a defense and have it considered at the trial on the merits.

With this clarification the appellants' motion for rehearing is overruled.