EXECUTIVE TELE–COMMUNICATION SYSTEMS, INC., Appellant,

v.

Paul BUCHBAUM, Appellee.

No. 05–83–00440–CV.

Court of Appeals of Texas, Dallas.

March 29, 1984.

Mark H. How, Lawrence M. Wells, Rohde, Chapman, Ford & How, Dallas, for appellant.

Howard Shapiro, Plano, for appellee.

Before CARVER, SPARLING and WHITHAM, JJ.

**402**

SPARLING, Justice.

This is an appeal from a denial of a temporary injunction by which appellant, ETS, sought to prevent appellee, Buchbaum, an ex-employee, from competing with ETS. In two points of error, ETS contends that (1) the trial court erred by concluding that Buchbaum did not execute an employment contract, in spite of Buchbaum's failure to plead the denial of execution pursuant to TEX.R.CIV.P. 93–7; and (2) denial of the injunction was an abuse of discretion. We hold that Rule 93–7 is inapplicable to a temporary injunction hearing and that the court did not abuse its discretion. Accordingly, we affirm.

On February 4, 1983, ETS filed a petition alleging, *inter alia,* that Buchbaum, former vice president and general manager of ETS, violated a written covenant not to compete. The court granted a temporary restraining order. On February 11, Buchbaum answered with a general denial but failed to deny, by verified affidavit, execution of the employment agreement.

TEX.R.CIV.P. 690 provides that a "defendant to an injunction proceeding may answer as in other civil actions." Rule 93–7 requires a party to verify by affidavit the following denial:

> [E]xecution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part, and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed ....
> In the absence of such a sworn plea, the instrument shall be received in evidence as fully proved.

At the temporary injunction hearing, held February 18 and 22, Buchbaum testified that he did not execute the employment contract. ETS, relying on rule 93–7, moved to strike the testimony. The court denied the motion and, in written findings, concluded that ETS failed to prove that a noncompetition agreement was executed. Because of the extraordinary nature of an injunction we hold that rule 93–7 is not applicable to a temporary injunction proceeding.

A temporary injunction is interlocutory, *pendente lite,* harsh, carefully regulated, and confined to special circumstances. *University of Texas v. Camenisch,* 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981); *Brines v. McIlhaney,* 596 S.W.2d 519 (Tex.1980); *AMF Tuboscope v. McBryde,* 618 S.W.2d 105 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). The function of the temporary injunction is not to resolve the merits of a claim but to prevent threatened or continuous irremediable injury before a claim can be adjudicated fully. *Southwest Weather Research, Inc. v. Jones,* 160 Tex. 104, 327 S.W.2d 417 (1959); *Permian Corp. v. Pickett,* 620 S.W.2d 878 (Tex.Civ.App.—El Paso 1981, writ ref'd n.r.e.). The applicant's evidentiary burden is limited. In addition to the equitable prerequisites—inadequate remedy at law, irreparable injury, benefit outweighing harm—the applicant need prove only a probable right threatened with a probable injury. *Millwrights Local Union N. 2484 v. Rust Engineering Co.,* 433 S.W.2d 683 (Tex.1968); *Sun Oil Co. v. Whitaker,* 424 S.W.2d 216 (Tex.1968).

Additionally, a temporary injunction "is customarily granted on the basis of procedures that are less formal and evidence that is less complete than is a trial on the merits," *Camenisch,* 451 U.S. at 395, 101 S.Ct. at 1834, and the trial judge reasonably may limit the proceedings. *Reading & Bates Construction Co. v. O'Donnell,* 627 S.W.2d 239 (Tex.Civ.App.—Corpus Christi 1982, writ ref'd n.r.e.). The procedural liberality of the injunction hearing encourages restraint in applying a technical rule of pleading to a relatively informal proceeding.

We recognize that rule 93–7 applies to other proceedings such as venue, *Van-Huss v. Buchanan,* 508 S.W.2d 412, 414 (Tex.Civ.App.—Fort Worth 1974, writ dism'd), and summary judgment, *Womack v. Allstate Insurance Co.,* 156 Tex. 467, 296 S.W.2d 233 (1957), but the temporary injunction proceeding is distinguishable. The plaintiff controverting a plea of privi-

lege in a suit based upon a contract in writing must prove that the defendant executed the contract. *VanHuss*, 508 S.W.2d at 414. The defendant cannot deny execution unless his denial is pleaded as required by Rule 93. TEX.R.CIV.P. 86.[1] A summary judgment likewise is distinguishable because it resolves the merits of the dispute. The pleadings and issues must be squarely before the court at the time of judgment. The defendant must at that time have complied with Rule 93–7.

 Finally, injunctive relief, unlike summary judgment or venue transfer, is most commonly sought at the beginning of a suit—before the defendant is required to answer. *See* TEX.R.CIV.P. 101. The only prescribed response for a defendant to a temporary injunction proceeding is pronounced in Rule 690, and the failure to answer does not impair the defendant's right to a full hearing. *See Mullins v. Berryman*, 296 S.W.2d 805, 806 (Tex.Civ. App.—San Antonio 1956, writ ref'd n.r.e.); *Weaver v. Van Wagner*, 259 S.W.2d 348, 349 (Tex.Civ.App.—Galveston 1953, no writ). Thus, to require a defendant who answers before the hearing on the temporary injunction to perfect a pleading in a brief span of time is, in our view, unfair, punitive, and antithetical to the policy of the rules. We hold that a party seeking an injunction cannot rely on the verified pleading rules to limit the defense of the nonmovant. Accordingly, we hold that rule 93–7 is inapplicable to a temporary injunction hearing.

 ETS next contends that by denying the injunction the court abused its discretion. We disagree. ETS sought to restrain Buchbaum from forming or joining a competitive business. An employee, unless prohibited by contract, may, upon termination of employment, compete with his former employer. *Expo Chemical Co., Inc. v. Brooks*, 572 S.W.2d 8, 11 (Tex.Civ.App.— Houston [1st Dist.]), *rev'd on other*

*grounds*, 576 S.W.2d 369 (1979). As discussed, ETS failed to prove the execution of a noncompetition agreement. The court therefore properly refused to prevent Buchbaum from accepting employment in competition with ETS.

 ETS further claims that the court abused its discretion by not enjoining Buchbaum from divulging alleged confidential information. Although a former employee freely may use general knowledge, skills, and experience acquired during his employment, he may not use or disclose, to the detriment of his former employer, trade secrets or other confidential information acquired in the course of employment. *Expo Chemical*, 572 S.W.2d at 10; *Jeter v. Associated Rack Corp.*, 607 S.W.2d 272 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.); *Weed Eater, Inc. v. Dowling*, 562 S.W.2d 898 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). Thus, injunctive relief may be granted upon proof of breach of confidence and probability of unfair use of confidential information. *Thermotics, Inc. v. Bat—Jac Tool Co., Inc.*, 541 S.W.2d 255 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ).

ETS introduced evidence that Buchbaum possessed confidential records and lists that would be "devastating" in the hands of a competitor because they revealed "everything we do." Buchbaum was hired by a competitor who was involved in a lawsuit pending against ETS. Buchbaum, however, testified that ETS did not offer unique services, that he did not possess records or lists unknown to competitors, and that he had not discussed the lawsuit with his new employer.

 Abuse of discretion does not exist if the trial court bases its decision on conflicting evidence and the evidence reasonably supports its conclusion. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978); *Kjellander v. Smith*, 652 S.W.2d 595 (Tex.App.—

---

1. Rule 86 provides "when a plea of privilege is filed in accordance with this rule, it shall be *prima facie* proof of the defendant's right to change of venue; provided that such plea shall not constitute a denial under oath of any allegations of plaintiff's petition required to be denied under oath by Rule 93...."

**404**

Tyler 1983, no writ). We hold that the denial of the injunction was not an abuse of discretion.

The judgment is affirmed.